**Timothy Joseph PAN, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C7–83–1631.**

Court of Appeals of Minnesota.

May 8, 1984.

Richard C. Lea, Montgomery, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne., Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by FOLEY, P.J., and LANSING and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Timothy Pan appeals from the county court affirmance of the commissioner's revocation of his driving privileges under Minn.Stat. § 169.123, subd. 4 (Supp.1983), for his violation of Minn.Stat. § 169.121 (Supp.1983), the DWI statute. Pan argues: (1) the evidence was insufficient to show he was driving; and (2) the court erred in failing to admit as evidence the two police reports of the detaining and arresting officers. We affirm.

## FACTS

Faribault Police Officer William Everett stopped a car after observing it slowly weaving across traffic lanes. After Everett activated his emergency lights, the car pulled to the side and backed into the officer's car. Someone looked out the back window of the car. It then accelerated forward, swerved across two traffic lanes, and got hung up on the center median. Through the foggy rear window of the car, Officer Everett saw movement near the center of the front seat by someone wearing white.

When Everett approached the car, Anthony Birdsell got out of the right front door. Nicholas Mellby sat in the center of the front seat (wearing white), and Timothy Pan (who wore orange) sat behind the driver's wheel.

Since Everett had seen movement inside the car, he asked who had been driving. Both Birdsell and Mellby said Pan was driving. Pan denied driving.

Everett arrested Pan for violating Minn. Stat. § 169.121, driving, operating, or being in physical control of a vehicle while intoxicated. Pan's breath test revealed a blood

alcohol content of .22. He does not dispute being intoxicated. Pan's license was revoked effective August 25, 1983.

Following the revocation, Mellby sent a letter to Faribault police saying he was driving the car when it was stopped by Officer Everett.

Pursuant to Minn.Stat. § 169.123, subd. 5c (Supp.1983), Pan petitioned the Rice County Court to rescind the revocation of his license, asserting he was not the driver of the car.

At trial Mellby verified writing the letter but asserted his rights under the Fifth Amendment when asked (1) whether he was driving, and (2) whether he told Officer Everett that he was not driving the car.

Pan testified that Mellby was driving the car when it was stopped. Pan said he had been sitting in the middle of the front seat and Mellby had pushed him over to the driver's seat when the car stopped.

Pan appeals pursuant to Minn.Stat. § 487.39 (1982), asserting he was not the driver and the court erred in failing to admit two officers' reports as evidence.

## ISSUES

1. Was there sufficient evidence to support the trial court finding that Officer Everett had reasonable and probable grounds at the time of Pan's arrest to believe that Pan was driving?

2. Did the trial court err in refusing to admit two officers' reports as evidence?

## ANALYSIS

1. *Reasonable and Probable Grounds:*

An implied consent hearing is limited in scope to a consideration of certain issues including "whether the peace officer had reasonable and probable grounds to believe the person was driving, operating, or in physical control of a motor vehicle while under the influence of alcohol." Minn.Stat. § 169.123, subd. 6 (Supp.1983)

In *State v. Harris*, 295 Minn. 38, 202 N.W.2d 878 (1972), an implied consent case,

the Minnesota Supreme Court explained the statute as follows:

> The patrolman didn't need to observe the defendant in the act of driving or operating the vehicle to request a test to determine the alcoholic content of his blood. All he needed was reasonable grounds for forming a belief that the defendant *had* been driving or *had* been operating the vehicle. Reasonable and probable grounds justifying an officer in requesting an individual to take a test for driving while under the influence of alcoholic beverage under the implied-consent law exist whenever there are facts and circumstances known to the officer which would warrant a prudent man in believing that the individual was driving or was operating a motor vehicle on the highway while under the influence of an alcoholic beverage.

*Id.* 295 Minn. at 42, 202 N.W.2d at 881 (emphasis added).

Here, the trial court's role was "to ensure that the officer had a substantial basis for concluding that probable cause existed at the time of invoking the implied consent law." *State v. Olson*, 342 N.W.2d 638, 641 (Minn.App.1984).

*Trial court findings:*

█ The trial court found that Officer Everett had reasonable and probable grounds, at the time he arrested Pan, to believe Pan was driving, operating, or in physical control of the car. This was the crucial fact issue in the case. Examining the record in the light most favorable to the state, we hold that the record reasonably supports the trial court conclusion. *See State v. Pieschke*, 295 N.W.2d 580 (Minn.1980).

In *Pieschke*, the Minnesota Supreme Court affirmed a jury finding that defendant was driving the vehicle at the time of the accident even though another person testified that he was the driver and other passengers similarly testified. Noting that "[e]ven inconsistencies in the state's case will not require a reversal of the jury verdict," the court reviewed the evidence and upheld the jury finding that Pieschke was the driver. *Id.* at 584–85.

*2. Evidence ruling:*

Pan argues that the police reports of Officer Everett (the arresting officer) and Sergeant Grundman (who arrived on the scene) should have been allowed into evidence under Minn.R.Evid. 803(8)(C).

█ We need not determine whether either report should be admitted under Rule 803(8)(C) as evidence since the reports attributed to Officer Everett and Sergeant Grundman, lacked proper foundation for admission in the following respects: (a) neither was marked as an exhibit, (b) no offer of proof was made regarding the contents of either report, and (c) Sergeant Grundman was not available at trial to authenticate the report attributed to him.

In any event, we note that Pan's counsel asked Everett about statements in Grundman's report that were inconsistent with Everett's testimony. Following objection, the trial court ruled that the questioning was permitted for impeachment purposes. Pan's complaint lacks merit.

## DECISION

The trial court finding, that Officer Everett had reasonable and probable grounds at the time he arrested Pan to believe that Pan was the driver of the car, is reasonably supported by the evidence since Pan was in the driver's seat and passengers told the officer Pan was the driver.

The trial court was justified in refusing to admit alleged reports of Officer Everett and Sergeant Grundman since the attorney seeking to admit the reports did not lay a proper foundation or make an offer of proof.

Affirmed.