Paul Marlow **MILLER**, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY**, Respondent.

No. C0-83-2039.

Court of Appeals of Minnesota.

Sept. 18, 1984.

**574**

Stephen R. O'Brien, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Linda F. Close, Jeffrey S. Bilcik, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Paul M. Miller seeks review of an order sustaining the revocation of his driving privileges under the implied consent statute, Minn.Stat. § 169.123 (1982). Appellant claims a valid arrest is a prerequisite to the administration of a valid preliminary breath test and that his arrest was illegal. We affirm.

## FACTS

Officer Brent Moody of the Apple Valley Police Department observed appellant operate his vehicle carelessly within the City of Eagan, Minnesota. Although out of his jurisdiction, Moody activated his squad car lights and stopped appellant.

He then observed appellant had indicia of being under the influence of alcohol (e.g. odor of alcohol, slurred speech, poor balance). He placed appellant under citizen's arrest and contacted the Eagan city police department. Officer John Stevenson responded. Stevenson talked to Moody and observed appellant's physical appearance and behavior. Believing appellant was under the influence of alcohol, Stevenson requested appellant take the preliminary breath test. Appellant failed. Stevenson, taking custody of appellant, read him the implied consent advisory. A later breath test revealed an alcohol concentration of .12.

Appellant's driving privileges were revoked. Following an implied consent hearing, the county court sustained the Commissioner of Public Safety's revocation.

## ISSUE

Was appellant's driver's license properly revoked under the implied consent statute?

## ANALYSIS

1. Minn.Stat. § 169.121, subd. 6 (1982) provides:

When a peace officer has reason to believe from the manner in which a person is driving, operating, controlling, or acting upon departure from a motor vehicle, or has driven, operated, or controlled a motor vehicle, that the driver may be violating or has violated subdivision 1, he may require the driver to provide a sample of his breath for a preliminary screening test * * *.

*Id.*

 Officer Stevenson had a sound basis for an articulable suspicion that a DWI violation occurred. He arrived at the scene and was told by Officer Moody what had occurred. He determined, based on his observation of appellant's physical appearance (strong odor of alcohol, watery and bloodshot eyes, difficulty in walking), that appellant was under the influence. Although he did not observe appellant drive or otherwise operate the vehicle, he was entitled to rely on information given him by Officer Moody. *See Pan v. Commissioner of Public Safety,* 347 N.W.2d 545, 547 (Minn.Ct.App.1984).

2. Under the implied consent law, a chemical test may be required because of a failed preliminary breath test. Minn.Stat. § 169.123, subd. 2(a) (Supp. 1983); *Hewitt v. Commissioner of Public Safety,* 352 N.W.2d 75 (Minn.Ct.App.1984). The chemical test results here were properly used at trial.

3. This is a case where the basis for the implied consent testing was the failure of a preliminary breath test, not an arrest for DWI. Therefore, appellant's contention that his arrest by Officer Moody was illegal because it was outside the officer's jurisdiction is without merit. Moody had all the powers of a private citizen while outside his enforcement jurisdiction.

*State, Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 321 (Minn. 1981).

## DECISION

Appellant's driving privileges were properly revoked under the implied consent statute. A breath test result of .12 was properly based upon a failed preliminary breath test.

Affirmed.