Gregory David **ROBERTS,**
petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. CO–84–2176.

Court of Appeals of Minnesota.

July 23, 1985.

Review Denied Oct. 11, 1985.

Michael P. Gallagher, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

The trial court rescinded the revocation of respondent Gregory Roberts' driver's license on the basis that Roberts did not have physical control of the vehicle. The Commissioner of Public Safety appeals. We affirm.

## FACTS

An officer of the Medina Police Department observed respondent Gregory Roberts passed out on the front seat of his vehicle, which was parked in the parking lot of the Medina Ballroom with the keys on the dashboard.

The officer awakened Roberts and observed signs of intoxication. The officer inserted the ignition key to determine if it was the key to that car but did not try to start it.

At trial, Roberts and his witness testified that Roberts became intoxicated at the ballroom and that his friends took his keys and helped him into the driver's seat. At closing time, his friends found Roberts sleeping in his car and disconnected the coil wire in the engine, leaving the keys on the dashboard. Roberts did not recall leaving the ballroom or entering his car.

## ISSUES

1. To sustain a revocation of a driver's license, must the Commissioner of Public Safety prove not only that the police officer had probable cause to believe the driver was in physical control of the vehicle but also that the driver was in such physical control?

2. Was respondent Roberts in physical control of the vehicle?

## ANALYSIS

### I

The trial court determined that the Commissioner of Public Safety must prove "both that the police officer had probable cause when initiating the implied consent procedures *and* that Petitioner was in physical control of a motor vehicle to sustain the revocation." (Emphasis in original).

The Commissioner argues the trial court should have limited its review to a question of whether the police officer had probable cause to believe Roberts was in physical control of the vehicle, citing Minn.Stat. § 169.123, subd. 6 (1984).

Subdivision 6 of section 169.123 limits the scope of a review hearing to three issues, including:

(1) whether the peace officer had probable cause to believe the person was driving, operating, or in physical control of a

motor vehicle while under the influence of alcohol or a controlled substance * *.

Minn.Stat. § 169.123, subd. 6 (1984). The trial court noted this section and also noted the general provision of the implied consent statute which provides that any person who is in physical control of a motor vehicle consents to a test under certain circumstances. Minn.Stat. § 169.123, subd. 2(a) (1984). The implied consent statute must be read in its entirety to give effect to its whole. Minn.Stat. § 645.17(2) (1984).

In making its decision, the trial court noted that, to initially invoke the provisions of the implied consent law, the peace officer must have probable cause to believe the person was in physical control of the vehicle. To sustain the revocation of driving privileges, however, the Commissioner must show by a fair preponderance of the evidence that the person was in physical control of the vehicle. We agree.

## II

The commissioner claims Roberts was in physical control of his car. We disagree.

The trial court determined that Roberts was not in physical control of his vehicle:

Where others placed [Roberts] in his vehicle while he was unconscious or semiconscious, where [Roberts'] vehicle was not readily operable by [Roberts] due to the disconnected coil wires, where [Roberts] had not driven to the location while intoxicated, where [Roberts'] vehicle was lawfully parked in a private parking lot, and where [Roberts] had been sleeping in his vehicle for several hours and indicated that he wished to continue sleeping, [the Commissioner] has not shown by a fair preponderance of the evidence that [Roberts] was in physical control of his vehicle.

■ Because the trial court has the opportunity to judge the credibility of the witnesses, findings of fact will not be set aside unless clearly erroneous. *Thorud v. Commissioner of Public Safety*, 349 N.W.2d 343, 344 (Minn.Ct.App.1984). The findings of fact of a trial court are entitled to the same weight as a jury verdict and

cannot be reversed if the court could reasonably have made the finding based upon the evidence adduced at trial. *State v. Gardin*, 251 Minn. 157, 161, 86 N.W.2d 711, 715 (1957); *State v. Thurmer*, 348 N.W.2d 776, 778 (Minn.Ct.App.1984).

As we have noted, the physical control cases:

[h]ave common threads running through them such as 1) the motor running; or 2) keys in the ignition; or 3) cars parked or stalled on or near the roadway; or 4) cars parked in some predicament such as a ditch, swamp or snow bank, indicating to the officer arriving on the scene that the driver had recently put the vehicle there through erratic driving.

*State v. Pazderski*, 352 N.W.2d 85, 88 (Minn.Ct.App.1984).

Here, we have a car incapable of being operated. The effect is the same as if Roberts had been discovered asleep in a wagon. Our recent decision in *Palme v. Commissioner of Public Safety*, 366 N.W.2d 343 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. June 24, 1985), can be distinguished. In that case, the driver, if left alone, could have driven the truck, which was operational. *Id.* at 345.

The findings of facts drawn by the trial court are not clearly erroneous and are affirmed on appeal. While the question is close, we do not disturb the trial court's conclusions of law that Roberts was not in physical control of his vehicle.

## DECISION

■ In seeking to sustain a revocation of a driver's license, the Commissioner of Public Safety must show not only that the arresting police officer had probable cause to believe the driver was in physical control of his vehicle, but also that the driver was in such physical control.

■ Where an intoxicated, sleeping automobile occupant had been placed in the front seat of his automobile without his knowledge, had no intention of driving the vehicle and where the vehicle was mechani-

cally inoperable, the occupant was not in physical control of the vehicle even though the ignition keys were located on the dashboard and the car was parked in a tavern's parking lot.

Affirmed.