Michael Anthony LLONA,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C4–86–256.

Court of Appeals of Minnesota.

June 10, 1986.

Robert H. Meier, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Michael Llona's driving privileges were revoked pursuant to the implied consent law. He petitioned for judicial review, and the trial court sustained the revocation. He appeals and we affirm.

## FACTS

On September 19, 1985, at approximately 2 a.m., State Trooper Steven Bailey was dispatched to a traffic accident on northbound Highway 35W near Portland Avenue in Minneapolis. Upon arriving at the scene, Bailey observed that the accident involved one vehicle and that another vehicle with four or five people had stopped at the scene. Bailey talked to Llona, who said he witnessed the accident. Bailey observed while talking with Llona that his eyes were glassy and bloodshot, his pupils were dilated, and his breath had a strong odor of alcohol.

At the implied consent hearing Bailey testified that he asked Llona if he had been driving the other vehicle and that Llona admitted he was the driver. Bailey recorded in his police report that Llona stated that his was the first vehicle to arrive at the scene of the accident, but there was no recorded statement in which Llona specifically admitted driving the vehicle.

At the hearing, Llona and two witnesses, Tracy Stohl and Donna Topper, testified on his behalf. Llona testified that Bailey never asked him whether he was the driver and that Tracy Stohl was in fact the driver. Topper testified that she was a passenger in the vehicle and that Stohl was the driver. Stohl testified that Bailey asked Llona only whether he was the owner of the vehicle and that she was in fact the driver of the vehicle.

At the scene of the accident Llona agreed to take a portable breath test, which he failed. Bailey then arrested Llona for DWI. He was read the implied consent advisory, indicated that he understood it, and agreed to take a breath test. Bailey, a certified Intoxilyzer operator, administered the test, which reported a blood alcohol concentration of .13. In Bailey's police report and in the probable cause portion of the criminal DWI complaint against Llona, which was based on the police report, the breath test result was shown as .10. At the hearing Bailey testified that the report should have stated .13

and that the .10 figure was a typographical error.

The trial court sustained the revocation, and Llona appeals.

## ISSUE

Did the trial court clearly err in ruling the officer had probable cause to believe Llona was driving while under the influence and that Llona actually had been driving?

## ANALYSIS

■ Llona argues that an implied consent proceeding in which a Minnesota citizen's privilege to drive an automobile is revoked should be governed by a "clear and convincing" standard of proof.

Several cases have already addressed this issue. In *State, Department of Highways v. Halvorson*, 288 Minn. 424, 181 N.W.2d 473 (1970), the supreme court considered whether the evidence was sufficient to prove that an officer was qualified to administer a chemical test:

> A license revocation proceeding is civil in nature, notwithstanding the vague language in § 169.123, subd. 6, that the judicial hearing "shall proceed as in a criminal manner." *State Department of Highways v. Normandin*, 284 Minn. 24, 26, 169 N.W.2d 222, 224. The defendant, therefore, is not clothed with those substantive constitutional rights associated with criminal matters. The defendant is not entitled to a presumption of innocence, and the state is not required to establish compliance with statutory conditions by proof beyond a reasonable doubt. The legislature nevertheless has manifested an intent that the peace officer's qualifications must be proved by a fair preponderance of the evidence.

*Id.* at 431, 181 N.W.2d at 477. This court has also noted that the implied consent law is civil in nature, and the standard of proof, therefore, is a preponderance of the evidence. *King v. Commissioner of Public Safety*, 366 N.W.2d 613, 615 (Minn.Ct.App. 1985); *Dufrane v. Commissioner of Pub-*

*lic Safety,* 353 N.W.2d 705, 707 (Minn.Ct. App.1984).

▮ Llona also challenges the trial court's probable cause determination, contending the officer did not have probable cause to believe he was driving while under the influence because the Commissioner did not offer sufficient evidence that Llona was in actual physical control of the vehicle. The standard for determining probable cause has been clearly set out:

Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect was driving or operating a vehicle while under the influence.

*Johnson v. Commissioner of Public Safety,* 366 N.W.2d 347, 350 (Minn.Ct.App. 1985).

The trial court found the trooper had probable cause to believe that Llona had been driving the vehicle because (1) the trooper testified that Llona admitted driving the vehicle; (2) the trooper's report was consistent with such an admission, although not quite as specific; (3) the trooper, an experienced officer, logically would not arrest Llona and invoke the implied consent provisions without some admission of driving; and (4) the trooper had been told that Llona owned the vehicle. The trial court also noted there was no evidence in the record that Llona, Stohl, or Topper ever told the trooper that Stohl was driving the vehicle; if Stohl had in fact been driving, then it would have been more believable for Llona, Stohl and Topper to have come forward with this information at the time of Llona's arrest for DWI rather than waiting until the implied consent hearing.

The court, in a memorandum attached to its findings, specifically acknowledged the conflict between the trooper's testimony and the testimony of Llona, Topper, and Stohl. It noted that according to the testimony of Llona, Topper and Stohl, the trooper considered Llona, for no apparent reason, to be the driver at the scene and that they refrained, for no apparent reason, from identifying the actual driver.[1] In weighing the two versions, the trial court stated that it found the trooper's testimony "more probable."

A trial court has the opportunity to judge the credibility of witnesses, and its findings of fact will not be overturned unless clearly erroneous. *State, Department of Highways v. Beckey,* 291 Minn. 483, 486–87, 192 N.W.2d 441, 445 (1971). The facts as found by the trial court clearly support its conclusion that Officer Bailey had probable cause to believe Llona had been driving the vehicle. *See Pan v. Commissioner of Public Safety,* 347 N.W.2d 545, 547 (Minn.Ct.App. 1984).

▮ Llona also argues the Commissioner did not prove he was actually in physical control of the vehicle. Citing Minn.Stat. § 169.123, subd. 6 (1984), the Commissioner argues this issue is not properly before the court because whether a driver was in actual physical control of a vehicle is not an issue which may be raised in an implied consent hearing. The Commissioner urges this court to overrule its decision in *Roberts v. Commissioner of Public Safety,* 371 N.W.2d 605 (Minn.Ct. App.1985), *pet. for rev. denied,* (Minn.Oct. 11, 1985). The supreme court denied the Commissioner's petition to review *Roberts,* and we decline to overrule it. When the alleged driver raises the issue of whether he was actually driving, the Commissioner must prove by a fair preponderance of the evidence that he was the driver. *See id.* at 607. The trial court found the Commissioner proved by a fair preponderance of the evidence that Llona was driving the vehicle. That finding is not clearly erroneous.

### DECISION

The trial court's order sustaining the revocation of appellant's driving privileges is affirmed.

Affirmed.

---

1. Llona argues that the reason his witnesses failed to come forward at the time of the accident was because they were intimidated by the trooper's threat to arrest them for interfering with an accident investigation. The witnesses did not testify that they felt intimidated, and to assume so would be speculative.