**Arthur Lee WINDER,
Petitioner, Respondent,**

**v.**

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C2–86–241.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

Review Denied Oct. 22, 1986.

Andrew S. Birrell, Meshbesher, Singer & Spence, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Respondent Arthur Lee Winder's driving privileges were revoked for refusing a breath test, and he petitioned for judicial review. The trial court rescinded the revocation, and the Commissioner appeals. We reverse.

## FACTS

On September 3, 1985, Police Officers Michael Moe and Steven Persons received a radio dispatch concerning a possible personal injury accident at West Broadway Avenue and Logan Avenue in Minneapolis. Upon arriving at the scene, Moe and Persons observed that two vehicles were damaged. Moe spoke with an individual who identified himself as the driver of one of the vehicles and told Moe that respondent was the driver of the other vehicle. Another individual Moe spoke with identified himself as a witness to the accident. He told Moe that respondent was the driver of the other vehicle, and that no one else was in the other vehicle at the time of the accident.

Persons spoke with respondent, who was sitting in the driver's seat of the vehicle. Respondent denied driving the vehicle at the time of the accident.

Moe and Persons, while talking with respondent, observed that his balance was unsteady, his speech was slurred, and his breath had a strong odor of alcoholic beverage. Moe then placed respondent under arrest for driving while under the influence, and transported him to the Minneapolis Chemical Testing Room.

At approximately 5:51 p.m., Police Officer Conrad Urbik read the implied consent advisory to respondent. Respondent talked loudly throughout the reading of the advisory, and Urbik could not determine whether respondent was listening to and understanding the advisory. Urbik requested that respondent submit to a breath test; respondent refused to take it.

Urbik questioned respondent, and respondent denied that he had been driving

the vehicle at the time of the accident. Neither the driver of the first vehicle, the witness, nor respondent testified at the implied consent hearing. Neither Moe nor Persons could testify as to whether respondent had the ignition keys to the vehicle, whether its engine was running or its lights were on, or whether it was operable after the accident.

The referee recommended that the trial court rescind the revocation on the basis that the Commissioner did not show by a fair preponderance of the evidence that respondent was driving or in physical control of the vehicle. The referee also recommended a determination that respondent reasonably refused testing, inasmuch as he contended he was not driving and the Commissioner did not show by a fair preponderance of the evidence that he was driving.

The trial court overruled objections by the Commissioner, and sustained the referee's findings and order rescinding the revocation of respondent's driving privileges. The Commissioner appeals.

### ISSUES

1. Was the issue of whether respondent was in fact driving or in physical control of the motor vehicle properly before the trial court?

2. Did the respondent prove that his refusal to permit testing was reasonable?

### ANALYSIS

#### I.

■ The Commissioner argues first that whether a driver was in fact driving a vehicle is not an issue which may be raised in an implied consent hearing. We cannot agree. In *Llona v. Commissioner of Public Safety*, 389 N.W.2d 210 (Minn.Ct.App. 1986) this court stated:

When the alleged driver raises the issue of whether he was actually driving, the Commissioner must prove by a fair preponderance of the evidence that he was the driver.

*Id.* at 212. *See also Roberts v. Commissioner of Public Safety*, 371 N.W.2d 605, 607 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Oct. 11, 1985).

■ Next the Commissioner argues that in this case the issue of actual driving was not raised in respondent's petition for judicial review and, therefore, was not properly before the court. We agree.

Minn.Stat. § 169.123, subd. 5c (1984), provides that the petition for judicial review "shall state with specificity the grounds upon which the petitioner seeks rescission of the order of revocation or denial." Respondent argues that the petition did raise the issue by the following contention:

that the arresting agency did not have reasonable or probable grounds to believe petitioner was driving, operating, or in physical control of a motor vehicle while under the influence of alcohol or a controlled substance.

The petition language raises the issue of probable cause, but does not raise the issue of whether the respondent was actually driving or in physical control of the vehicle. Further, a review of the transcript shows that the issue was not addressed at the hearing itself, aside from the officer's statement that Winder denied driving at the scene.

■ If an issue is not raised in a petition for judicial review or tried by consent, it is improper for the trial court to base a revocation upon that issue. *Kraker v. Commissioner of Public Safety*, 372 N.W.2d 741, 742 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Sept. 19, 1985); *Eveslage v. Commissioner of Public Safety*, 353 N.W.2d 623, 625–26 (Minn.Ct.App.1984).

Respondent argues, in effect, that the Commissioner did not challenge at the trial level the basis of the referee's recommendations and, therefore, should not be permitted to challenge that basis for the first time on appeal. We need not determine here whether the Commissioner had a duty to voice that challenge to the trial court.

He did, in fact, do so, and respondent's protestations to the contrary are in error. After the referee issued his recommended findings, in which he determined that the Commissioner had not "shown by a preponderance of the evidence that [respondent] was driving the other vehicle," the Commissioner sought review by the trial court judge, objected to the recommendations, and questioned whether the issue of actual driving was properly before the trial court. Because we have determined that it was not, we conclude that the trial court erred in basing its rescission on an issue not properly raised in the petition for judicial review.

## II.

The referee also determined that respondent reasonably refused testing when he contended that he had not been driving the vehicle and where the Commissioner did not show that respondent was driving. This determination must also fall because it is based on issues not properly raised in the petition for judicial review or tried by consent. The Commissioner had no notice that respondent would raise the issue of whether he was the driver and, hence, the Commissioner did not present evidence on that matter. Respondent presented no evidence in support of his allegation that because he was not the driver his refusal was reasonable. Even if we assume that an affirmative defense may be based on this ground,[1] respondent did not meet his burden of proving by a preponderance of the .evidence that his refusal was reasonable, and the trial court erred in finding that he did.

## DECISION

The rescission of the revocation of respondent's driving privileges is reversed.

Reversed.

1. In view of our decisions in *Llona* and *Roberts* permitting a driver to raise the issue of actual driving and requiring the Commissioner to then prove actual driving by a preponderance of the evidence, the affirmative defense of reasonable refusal based on non-driving will probably be raised infrequently.