**Terry Norman ENGEBRETSON, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C5–86–556.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Robert V. Dalager, Morris, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

LANSING, Judge.

Terry Engebretson's driving privileges were revoked for an implied consent violation. He petitioned for judicial review on the issues of (1) whether there was probable cause to believe that he was driving, operating or in physical control of a motor vehicle, and (2) whether he was driving, operating or in physical control while under the influence of alcohol.

The trial court sustained the revocation and denied a motion for a new trial or amended findings. Engebretson appeals the determination that he was in fact the driver of the snowmobile.[1] We affirm.

## FACTS

Pope County Deputy Robert Miller observed a snowmobile spinning around in

---

**1.** Engebretson seeks to appeal from both the order sustaining the revocation and the denial of his motion for a new trial or amended facts. We read the statute to allow appeal only from the first order. *See Montpetit v. Commissioner of Public Safety,* 392 N.W.2d 663 (Minn.Ct.App. 1986).

the street in Cyrus, Minnesota. He followed it along an adjacent street to block it at an intersection. He lost sight of it briefly and then saw it parked behind a house with its headlight on and its engine running. He pulled his car in front of it, got out of the car and encountered the petitioner, who later identified himself as Terry Engebretson. Engebretson had come from around the corner of the house wearing a snowmobile helmet, walked up to the snowmobile and turned off the ignition.

Miller asked Engebretson a series of questions about his driving conduct which Engebretson answered. Engebretson explained that he was spinning around in the street because he could not make up his mind where he wanted to go. He intended to go home but changed his mind and decided instead to go to his friend's house to get his snowmobile helmet.

Miller noticed an odor of alcohol and made other observations which caused him to conclude Engebretson was under the influence of alcohol. He arrested Engebretson and took him to the police station. After reading the implied consent advisory, he administered a chemical test, which Engebretson failed.[2] During the implied consent advisory, Engebretson again acknowledged that he was the driver of the snowmobile.

At the hearing Engebretson testified that his girlfriend, Linda Durkee, drove the snowmobile. He admitted he told Miller that he was driving the snowmobile, but testified that he lied to protect Durkee. He said Durkee asked him to speak to the officer because she did not have a license to drive snowmobiles and the snowmobile did not have registration numbers displayed. Jeff Anderson, an acquaintance of Engebretson's for eight years, and Durkee both testified that Durkee, not Engebretson, was the driver of the snowmobile.

## ISSUE

Did the trial court err in finding Engebretson was the driver of the snowmobile?

**2.** Minn.Stat. § 84.87, subd. 1(e) (1984), makes Minn.Stat. ch. 169 applicable to the operation of

## ANALYSIS

On the day of hearing the Commissioner moved to strike the second issue, arguing that Minn.Stat. § 169.123, subd. 6 (1984), permitted judicial review of only whether there was *probable cause* to believe that petitioner was driving, not whether he *actually* drove. The court allowed evidence on both issues based on *Roberts v. Commissioner of Public Safety,* 371 N.W.2d 605 (Minn.Ct.App.1985) (peace officer must have probable cause to believe petitioner was in physical control, *and* Commissioner must show, by a fair preponderance of the evidence, that petitioner was in physical control of the vehicle). The Commissioner further argued the *Roberts* standard was limited to physical control cases. *See Becker v. Commissioner of Public Safety,* 374 N.W.2d 303 (Minn.Ct.App.1985). This issue was decided in *Llona v. Commissioner of Public Safety,* 389 N.W.2d 210 (Minn. Ct.App.1986) (when the alleged driver raises the issue of whether he was driving, the Commissioner must prove, by a fair preponderance of the evidence, that he was the driver).

In finding that Engebretson was in fact the driver of the snowmobile, the trial court rejected the version of the facts presented by Durkee and Anderson. The court credited Engebretson's statements at the time of the incident instead of his alternative statements at trial.

We cannot say that Engebretson's alternative version of fact is implausible. We can discern from the transcript a measured patness in parts of Durkee's, Anderson's and Engebretson's testimony which could suggest the evidence was thoroughly discussed (which Durkee denies), if not rehearsed. We can also observe that Engebretson's and Durkee's account of the facts is keyed on Durkee's knowing that a police officer had seen and followed her. Her testimony on this issue was not consistent.

a snowmobile on a street or highway.

She testified that she identified the car by the overhead red lights. She later testified that she might be mistaken and the car might not have had overhead lights.

Our observations, however, are at best secondary. The primary observations were made at trial. The trial judge observed the witnesses as the statements were made and assessed the trustworthiness of the statements and the witnesses. In this case the credibility determinations were crucial. Engebretson sought to recant his earlier statements to the officer. Durkee testified that she did not come forward on the night of the incident, but asked the court to believe that she told the truth at trial. Anderson, who was with Engebretson and Durkee at a bar on the night of the arrest, acknowledges a long-standing acquaintance with Engebretson. The relative interest that each witness has in the outcome of the proceedings was factored into the trial court's determination.

Engebretson asks us to reject the trial court's findings of fact because it disregards the testimony of three witnesses. We cannot find error on that basis alone. We are being asked to substitute our judgment of credibility for the trial court's. We acknowledge that this case presented difficult credibility issues. However, our review of the record satisfies us that the trial court could reasonably make the findings it did based upon the record at trial.

### DECISION

Affirmed.