**Michael James ABELN,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C4–87–266.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Michael G. Singer, Singer & Singer, Ltd., Minnetonka, for petitioner-appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

PARKER, Judge.

Appellant Michael Abeln was arrested for driving while under the influence of alcohol, and his license was revoked pursuant to the implied consent law. He petitioned for judicial review, contending that he was not in physical control of a motor vehicle because the vehicle was inoperable. The trial court sustained the revocation. We affirm.

## FACTS

On October 9, 1986, at approximately 3:00 p.m., Edina Police Officer James Fischer was dispatched to investigate a "slumper behind the wheel." Fischer found Michael Abeln in his truck at an intersection, parked at the curb. He approached the vehicle and, as he did so, Abeln pulled himself up from a prone position to a position in which he was seated behind the wheel. Fischer observed that the keys were in the ignition, but the engine was not running. He opened the door and spoke to Abeln briefly and asked if he were ill. Abeln said he was not. The officer detected an odor of alcohol; Abeln was asked to perform field sobriety tests and did poorly on the "finger-to-nose" test. He failed a preliminary breath test. Fischer placed him under arrest for DWI.

Abeln testified that the truck had been inoperable for one and a half days. Abeln had tried to start the vehicle that morning by "popping the clutch" and rolling it down the slight incline of the street. He continued to try to start the vehicle all day, believing the battery might have revived. He then decided to wait for his wife so that they could jump-start the truck. He was asleep in the truck when the officer arrived. He testified that at that time it was not possible to operate the vehicle.

The truck was towed to an impound lot by the police after Abeln's arrest. Abeln testified that the truck would not start at the impound lot. He produced a receipt showing that he then obtained a jump-start.

The trial court found that the Commissioner had shown by a fair preponderance of the evidence that Abeln was in fact in physical control of his motor vehicle. The keys were in the ignition and Abeln had the clear intent to operate the vehicle. The revocation was sustained, and Abeln appeals.

## ISSUE

Was appellant in physical control of his truck within the meaning of Minn.Stat. § 169.123 (1986)?

## DISCUSSION

Any person who drives, operates or is in physical control of a motor vehicle is subject to the provisions of the implied consent law. Minn.Stat. § 169.123, subd. 2(a) (1986). Motor vehicle is defined as "every vehicle which is self-propelled," but does not include "a vehicle moved solely by human power." Minn.Stat. § 169.01, subd. 3 (1986). Abeln argues that because his truck was inoperable and not capable of being self-propelled, it was temporarily not a motor vehicle. We reject this novel argument and address the real issue in this case.

Abeln asserts that he was not in physical control of the truck because it was mechanically inoperable and that consequently his license revocation should be rescinded. *Roberts v. Commissioner of Public Safety*, 371 N.W.2d 605, 607 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Oct. 11, 1985). In *Roberts* the respondent was found passed out on the front seat of his vehicle, with the keys on the dashboard. Roberts' friends testified that he had become intoxicated, and they took his keys and helped him into the driver's seat. At closing time they found him sleeping in his car and disconnected the coil wire in the engine, leaving the keys on the dashboard. *Id.* at 606. This court held:

> Where an intoxicated, sleeping automobile occupant had been placed in the front seat of his automobile without his knowledge, had no intention of driving the vehicle and where the vehicle was mechanically inoperable, the occupant was not in physical control of the vehicle even though the ignition keys were located on the dashboard and the car was parked in a tavern's parking lot.

*Id.* at 607–08.

Minnesota laws are to be broadly construed in the public's favor to prevent individuals from driving, operating or being in physical control of a motor vehicle while under the influence of alcohol. *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). The physical control requirement is designed to deter intoxicated individuals from getting

into their vehicles except as passengers. *Id.* at 320.

We agree with the trial court that this case is distinguishable from *Roberts,* where the occupant had no intention of driving the vehicle. Abeln tried to start his vehicle in the morning by turning the ignition on, popping the clutch and rolling it down a slight incline. He continued to attempt to start it all day, hoping the battery would "revive." The officer came upon him while Abeln was waiting for his wife to return from work so that they could jump-start the truck. In *State v. Woodward,* 408 N.W.2d 927 (Minn.Ct.App. July 21, 1987), this court determined that a flat tire on a car did not render it incapable of movement or incapable of posing a threat to public safety; it was not mechanically inoperable just because it could not successfully reach the driver's intended destination. *Id.* at 928. Had Abeln's wife returned before the officer arrived, it is likely the vehicle would soon have been running. We cannot distinguish between a flat tire and a depleted battery; both render the vehicle only temporarily inoperable and both are quickly remedied. We agree with the trial court that Abeln was in physical control of his motor vehicle.

### DECISION

The order of the trial court is affirmed.

Affirmed.