William Joseph FLAMANG, Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C5-93-2276.

Court of Appeals of Minnesota.

May 24, 1994.

Review Denied July 27, 1994.

Maureen A. Williams, Daniel M. Mohs, Daniel Mohs & Associates, Ltd., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., and Joshua S. Wirtschafter, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and PETERSON and SCHULTZ,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant William Joseph Flamang refused testing pursuant to the implied consent law, and the Commissioner of Public Safety revoked his driving privileges for one year.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Upon his petition for judicial review, the trial court sustained the revocation.

## FACTS

In June 1993, a Saint Paul police officer responded to a call reporting a drunk male in a pickup truck that was blocking the driveway to a bar. Upon arriving at the bar the officer found appellant sitting behind the steering wheel of his truck and observed that the engine felt warm. Appellant opened the locked doors of his truck with difficulty. The officer detected the odor of alcohol on appellant's breath. Appellant's eyes were bloodshot and watery, his speech was slurred, and he had difficulty maintaining his balance once he exited the vehicle.

The investigating officer found no keys in the ignition or in the interior of the vehicle. When asked about the keys, appellant at first stated that he did not know where they were, but later said that he had thrown them out the window. An inspection of the surrounding area revealed no keys.

The officer arrested appellant on suspicion of driving while under the influence of alcohol. At the police station, he read appellant the implied consent advisory and asked him to submit to a blood alcohol concentration test. Appellant refused. The Commissioner of Public Safety then revoked appellant's driver license for one year.

At the revocation hearing, appellant testified that he had given his ignition key to the bartender, who agreed to drive appellant home after the bar closed. Appellant stated that he retained possession of the door key to his truck so that he could wait in the vehicle for the bartender. The trial court determined that the police officer had probable cause to believe that appellant was in physical control of his motor vehicle while under the influence of alcohol. It also determined that the revocation was sustainable because appellant had never relinquished actual physical control of his vehicle to the bartender.

## ISSUE

Did the Commissioner properly revoke appellant's license for refusal to submit to alcohol concentration testing for intoxication when appellant claimed he had surrendered actual physical control of the vehicle by delivering his ignition key to a designated driver?

## ANALYSIS

### 1. Scope of Review

A peace officer may require any person whom the officer has probable cause to believe was driving, operating, or in physical control of a motor vehicle in violation of Minn.Stat. § 169.121 (1992) to submit to a chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol or a controlled substance. Minn.Stat. § 169.123, subd. 2 (1992).

If a person submits to such a test, and the requesting peace officer certifies that there existed probable cause to believe the person had been drinking, operating or in physical control of a motor vehicle while under the influence of alcohol or a controlled substance, and the test results indicate a blood alcohol concentration of 0.10 or more, then the Commissioner of Public Safety shall revoke the person's license to drive. Minn. Stat. § 169.123, subd. 4 (1992). Under those circumstances, the revocation may be rescinded upon a subsequent determination that the person actually was not driving, operating, or in physical control of the vehicle. *Snyder v. Commissioner of Pub. Safety,* 496 N.W.2d 858, 860 (Minn.App.1993) (citing *Llona v. Commissioner of Pub. Safety,* 389 N.W.2d 210, 212 (Minn.App.1986); *Roberts v. Commissioner of Pub. Safety,* 371 N.W.2d 605, 607 (Minn.App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985)).

If a person refuses to submit to such a test, none shall be given. Minn.Stat. § 169.-123, subd. 4. But upon certification that there existed probable cause to believe that the person had been driving, operating, or in physical control of a vehicle while under the influence of alcohol or a controlled substance and that the person refused to submit to a test, the Commissioner of Public Safety shall revoke the person's driving privileges for one year. *Id.*

A person whose driving privileges have been revoked may petition for judicial

review of the order of revocation. Minn.Stat. § 169.123, subd. 5c (1992). Judicial review is available regardless whether the driver refused to submit to a test, or consented to a test that yielded inculpatory results. But the statute declares a different scope of judicial review depending upon which of the two courses of conduct occurred. In circumstances where revocation is based upon a refusal to submit to testing, the scope of judicial review is limited to the following issues:

(1) whether the peace officer had probable cause to believe the person was driving, operating, or in physical control of (i) a motor vehicle while under the influence of alcohol or a controlled substance, or (ii) a commercial motor vehicle with any presence of alcohol, and whether the person was lawfully placed under arrest for violation of section 169.121 or 169.1211, or the person was involved in a motor vehicle accident or collision resulting in property damage, personal injury or death, or the person refused to take a screening test provided for by section 169.121, subdivision 6, or the screening test was administered and recorded an alcohol concentration of 0.10 or more; and

(2) whether at the time of the request for the test the peace officer informed the person of the person's rights and the consequences of taking or refusing the test as required by subdivision 2; and

(3) * * * whether the person refused to permit the test.

Minn.Stat. § 169.123, subd. 6 (1992).

Appellant relies on our prior holdings in *Snyder, Llona,* and *Roberts* for the proposition that to revoke a driver's license, the Commissioner of Public Safety "must show not only that the arresting officer had probable cause to believe the driver was driving, operating, or in physical control of his vehicle while under the influence of alcohol, but also that the driver was in such physical possession." *Snyder,* 496 N.W.2d at 860. But in all these cases the driver submitted to testing, and test results showed that the driver was under the influence of alcohol. These were not situations where revocation was

premised on the driver's refusal after a lawful demand for testing.

■ Where a driver submits to testing, revocation is premised on the test results and the fact that the person drove, operated or had actual control of a vehicle. But where a driver refuses to submit to testing in the face of probable cause that the driver was in physical control of a motor vehicle while intoxicated, revocation is based on the refusal to act on the lawful request of a peace officer. Because in the instant case appellant refused to submit to testing, the question whether he actually was in physical control of his vehicle was irrelevant and outside the permissible scope of judicial review.

## 2. Probable Cause

The record demonstrates that there is no dispute that appellant was properly advised of his rights under the implied consent law and that he refused to submit to testing. Nor has appellant challenged the trial court's finding that the police had probable cause to believe that appellant was under the influence of alcohol. The only remaining question is whether the arresting officer had probable cause to believe that appellant was in physical control of his vehicle at the time of his arrest.

■■ The trial court's determination on the issue of whether probable cause existed to request an alcohol concentration test under the implied consent law is a mixed question of law and fact; once the facts have been found, the trial court must apply the law to determine if probable cause existed. *Snyder,* 496 N.W.2d at 860. A trial court should pay "great deference" to the arresting officer's judgment on the issue. *State v. Olson,* 342 N.W.2d 638, 640–41 (Minn.App.1984).

■ The term "physical control" is more comprehensive than either "drive" or "operate." *State v. Starfield,* 481 N.W.2d 834, 836 (Minn.1992). It is given the broadest possible effect. *Id.* In prior decisions we have found physical control where the vehicle had a flat tire, *State v. Woodward,* 408 N.W.2d 927 (Minn.App.1987); a dead battery, *Abeln v. Commissioner of Pub. Safety,* 413 N.W.2d 546 (Minn.App.1987); and where the vehicle

was stuck in a snow-filled ditch, *State v. Duemke*, 352 N.W.2d 427 (Minn.App.1984). In all these situations, we have emphasized that the disabilities were merely temporary. Physical control is meant to cover situations where an inebriated person is found in a parked vehicle that, without too much difficulty, might again be started and become a source of danger to the operator, to others, or to property. *Starfield*, 481 N.W.2d at 837.

In the instant case, appellant's truck was operable. It lacked only the ignition key. Appellant offered the police officer two different stories about the location of the keys to the truck, but he never told him that he had given the ignition key to the bartender to drive him home. *See Snyder*, 496 N.W.2d at 860 (physical control does not cover situations where an intoxicated person is a passenger, having relinquished control of the vehicle to a designated driver). Given his understanding that appellant had either lost the keys or thrown them away, it was reasonable for the officer to believe that appellant might have had access to the keys and could operate the vehicle dangerously. We conclude that under the circumstances, and with due deference to the officer's good faith understanding of the facts as appellant had presented them to him, probable cause existed to believe that appellant retained physical control of his vehicle while intoxicated.

## DECISION

The arresting officer had probable cause to believe that appellant was in physical control of his vehicle while intoxicated. Appellant was properly advised of his rights under the implied consent law, and he refused to submit to testing. On these facts, the trial court properly sustained the decision of the Commissioner to revoke appellant's driving privileges for one year.

**Affirmed.**