*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1432**

Kathi Ann Hanson, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed August 4, 2014
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CV-13-2560

Peter J. Timmons, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, Anne Fuchs, Assistant Attorney General, St. Paul,
Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Johnson, Judge; and

Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

The commissioner of public safety revoked Kathi Ann Hanson's driver's license

after she was arrested for driving while impaired following an accident in which a car

crashed into a tree. Hanson petitioned to rescind the revocation, claiming that she was not the driver of the vehicle. The district court sustained the revocation. We affirm.

## FACTS

On the evening of January 12, 2013, William Mord was in his garage in the city of Maple Grove when he heard the sound of squealing tires followed by a loud crash. He walked outside and saw that a car had crashed into a tree in the front yard of his residence. He approached the car and saw Hanson in the driver's seat and a male, Daniel Haskett, in the front passenger's seat.

Officer Mark Ringgenberg from the Maple Grove Police Department was dispatched to the scene of the crash. When he arrived, he saw Haskett standing next to the car. Haskett told Officer Ringgenberg that he was driving the car at the time of the accident, and Officer Ringgenberg confirmed that Haskett was the registered owner of the car. Officer Ringgenberg also spoke with Hanson, who denied that she was driving the car that evening. But Mord told Officer Ringgenberg that he believed that Hanson was the driver based on his observations soon after the crash.

At the implied-consent hearing, there was conflicting testimony about Officer Ringgenberg's further investigation. The officer testified that when he confronted Haskett with Mord's statement, Haskett said that Hanson actually was driving at the time of the crash and admitted that he initially had lied to protect Hanson. Haskett testified that he was the driver of the car at the time of the crash and that he did not tell Officer Ringgenberg that Hanson was the driver. Haskett did not deny that Hanson was in the driver's seat when Mord came upon the scene, but he explained that he had asked her to

2

switch seats with him so that he could retrieve the telephone number of a towing company from the glove compartment.

Hanson failed field sobriety tests. Officer Ringgenberg arrested her for driving while impaired and took her to the police station, where he read her the implied-consent advisory. Hanson agreed to take a breath test, which registered an alcohol concentration that was greater than .08. The commissioner of public safety revoked her driver's license.

In February 2013, Hanson petitioned for judicial review of the commissioner's revocation of her driver's license. *See* Minn. Stat. § 169A.53, subd. 2 (2012). She challenged the revocation on two grounds: that she was not the driver of the car at the time of the crash and that her consent to the breath test was invalid. In April 2013, the district court held an implied-consent hearing at which Officer Ringgenberg, Mord, and Haskett testified. In May 2013, the district court issued an order denying Hanson's petition and sustaining the revocation. The district court concluded that Hanson was the driver of the car at the time of the crash and that her consent to the breath test was valid. Hanson appeals.

## DECISION

Hanson argues that the district court erred by sustaining the revocation of her driver's license because the commissioner failed to prove that she was driving the car at the time of the crash.

The issue before the district court was: "Did the peace officer have probable cause to believe [Hanson] was driving, operating, or in physical control of a motor vehicle or

3

commercial motor vehicle in violation of section 169A.20 (driving while impaired)?" *See* Minn. Stat. § 169A.53, subd. 3(b)(1); *see also Hayes v. Commissioner of Pub. Safety*, 773 N.W.2d 134, 137 (Minn. App. 2009). Accordingly, the commissioner was not required to prove that Hanson actually was driving the vehicle; the commissioner was required to prove only that there was probable cause to believe that Hanson was driving the vehicle and probable cause to believe that she was impaired. *See Snyder v. Commissioner of Pub. Safety*, 496 N.W.2d 858, 860 (Minn. App. 1993). The commissioner has the burden to prove those facts (that the officer had probable cause to believe that Hanson was driving and probable cause to believe that she was impaired) "by a fair preponderance of the evidence." *Roberts v. Commissioner of Pub. Safety*, 371 N.W.2d 605, 607 (Minn. App. 1985), *review denied* (Minn. Oct. 11, 1985).

The district court's resolution of factual issues may depend on its "opportunity to judge the credibility of the witnesses," *id.*, and this court gives "[d]ue regard" to the district court's credibility determinations, *Snyder v. Commissioner of Pub. Safety*, 744 N.W.2d 19, 22 (Minn. App. 2008). A district court also may rely on circumstantial evidence. *See Hunt v. Commissioner of Pub. Safety*, 356 N.W.2d 801, 803 (Minn. App. 1984). A district court's finding of fact is not erroneous simply because the evidence also could support a different conclusion. *Engebretson v. Commissioner of Pub. Safety*, 395 N.W.2d 98, 99-100 (Minn. App. 1986). A district court's finding of fact is "entitled to the same weight as a jury verdict and cannot be reversed if the court could reasonably have made the finding based upon the evidence adduced at trial." *Roberts*, 371 N.W.2d at 607.

4

In this case, the district court found both that Hanson "was actually driving at the time of the accident" and that Officer Ringgenberg "had probable cause to believe [Hanson] was driving." The district court found credible Officer Ringgenberg's testimony that Haskett told him that Hanson was the driver at the time of the crash. We must defer to the district court's credibility determination. *See Snyder*, 744 N.W.2d at 22. Officer Ringgenberg's testimony is direct evidence that Hanson was the driver of the vehicle. Mord's testimony that he saw Hanson in the driver's seat shortly after the crash is circumstantial evidence that Hanson was the driver of the vehicle. This evidence supports the district court's findings that Hanson was driving the car at the time of the crash and that Officer Ringgenberg had probable cause to believe that was so. *See Roberts*, 371 N.W.2d at 607.

Hanson contends that the evidence is insufficient because it shows only that she was in the driver's seat and because no one actually saw her driving the car. Her contention ignores Officer Ringgenberg's testimony that Haskett stated that Hanson was driving. Although Haskett testified to the contrary at the hearing, the district court rejected his testimony and his explanation for why Hanson was in the driver's seat. This court has no reason to overturn the district court's credibility determination. *See Engebretson*, 395 N.W.2d at 99-100. In addition, Hanson's contention ignores Mord's testimony, on which the district court also relied. *See Hunt*, 356 N.W.2d at 803. We conclude that the district court did not err by finding that Hanson was the driver of the car at the time of the crash and that Officer Ringgenberg had probable cause to believe that Hanson was driving.

In her appellate brief, Hanson also argued that the district court erred by finding that she voluntarily consented to the breath test. At oral argument, however, Hanson's attorney conceded the issue in light of *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). Thus, we need not address the argument.

In sum, the district court did not err by denying Hanson's petition and sustaining the revocation of her driver's license.

**Affirmed.**