*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2032**

Matt Anthony Haeg, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed July 6, 2015
Affirmed
Larkin, Judge**

Scott County District Court
File No. 70-CV-14-3899

James H. Leviton, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, Peter D. Magnuson, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Rodenberg, Judge; and Reyes, Judge.

#### UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's order sustaining the revocation of his license to drive under the implied-consent law. He argues that the commissioner failed to

prove that he had driven, operated, or was in physical control of a motor vehicle. We affirm.

**FACTS**

In February 2014, respondent Commissioner of Public Safety revoked appellant Matt Haeg's license to drive after Haeg was arrested for driving while impaired and submitted to a breath test that indicated his alcohol concentration was above .08. Haeg petitioned the district court for review, arguing, in part, that the commissioner failed to prove that he was in physical control of a motor vehicle.

After an implied-consent hearing, the district court sustained the revocation. The district court found that on February 20, Officer Justin Schroepfer of the Elko New Market Police Department responded to a report that a yellow truck was in a ditch. When Officer Schroepfer arrived at the scene, there was no one in the driver's seat of the yellow truck, but there was a person seated in the passenger seat. Haeg was outside of the yellow truck, talking with the female driver of another truck. Officer Schroepfer directed Haeg to return to the yellow truck. When Haeg started walking back to the truck, he nearly fell over. Officer Schroepfer noted that Haeg's eyes were watery and glassy and that Haeg smelled like an alcoholic beverage. Haeg told Officer Schroepfer that he was coming from his shop in Elko New Market and that he "had two or three beers at his shop." Officer Schroepfer arrested Haeg after a preliminary breath test (PBT) indicated that Haeg's alcohol concentration was .175.

Regarding whether Haeg had been in physical control of the yellow truck, the district court stated, "Given that the driver's seat was empty and someone was in the

2

passenger's seat when Officer Schroepfer arrived at the scene, it was reasonable for [the officer] to infer that [Haeg] was the driver of the [truck] and had driven a vehicle while under the influence of alcohol." The district court noted that Haeg "stated that he was coming from his shop in Elko New Market" and "never denied driving the truck."

Haeg moved the district court to vacate its order under Minn. R. Civ. P. 60.02(f) and to amend its findings under Minn. R. Civ. P. 52.02. The district court issued an amended order with the following additional findings:

> 4. [Haeg] admitted he was coming from his shop in Elko New Market. [Haeg] admitted he had two or three beers at his shop. Although Officer Schroepfer did not observe [Haeg] driving, [Haeg] never denied that he was the driver of the vehicle.
> 5. Officer Schroepfer had a reasonable basis to believe [Haeg] was driving his vehicle, the yellow truck. [The commissioner] has proven by a preponderance of the evidence that [Haeg] had been driving or in physical control of the motor vehicle.

The district court once again sustained the commissioner's revocation of Haeg's license to drive. Haeg appeals.

### D E C I S I O N

Haeg argues that the district court erred by sustaining the revocation of his license to drive because the commissioner failed to prove that Haeg had been in physical control of a motor vehicle. To sustain the revocation of a person's driving privileges, the commissioner must prove by a preponderance of the evidence that the person "had been driving, operating, or in physical control of a motor vehicle in violation of section 169A.20 (driving while impaired) and that the person submitted to a test and the test

3

results indicate an alcohol concentration of 0.08." Minn. Stat. § 169A.52, subd. 4(a) (2012); *Llona v. Comm'r of Pub. Safety*, 389 N.W.2d 210, 211 (Minn. App. 1986); *Roberts v. Comm'r of Pub. Safety*, 371 N.W.2d 605, 607 (Minn. App. 1985), *review denied* (Minn. Oct. 11, 1985). Under the preponderance of the evidence standard, a fact is established if it is "more probable that the fact exists than that the contrary exists." *City of Lake Elmo v. Metro. Council*, 685 N.W.2d 1, 4 (Minn. 2004).

"Whether a person is in physical control of a motor vehicle for purposes of the implied-consent law is a mixed question of law and fact." *Snyder v. Comm'r of Pub. Safety*, 744 N.W.2d 19, 21-22 (Minn. App. 2008). "Due regard is given the district court's opportunity to judge the credibility of witnesses, and findings of fact will not be set aside unless clearly erroneous." *Id.* at 22. "Once the facts are established, the issue of physical control is a question of law, which this court reviews de novo." *Id.*

Haeg argues that the commissioner "failed to call any witnesses who testified they perceived [him] in actual physical control of any vehicle." But direct evidence is unnecessary because physical control can be proven by circumstantial evidence.[1] *See State v. Starfield*, 481 N.W.2d 834, 838 (Minn. 1992) (stating that, in the absence of direct evidence, "there . . . may be circumstantial evidence from which the jury could find that defendant had driven the car to its resting place"); *Hunt v. Comm'r of Pub. Safety*,

---

[1] "'Direct evidence' is '[e]vidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption.'" *Bernhardt v. State*, 684 N.W.2d 465, 477 n.11 (Minn. 2004) (quoting *Black's Law Dictionary* 596 (8th ed. 2004)). "'Circumstantial evidence' is defined as '[e]vidence based on inference and not on personal knowledge or observation' and '[a]ll evidence that is not given by eyewitness testimony.'" *Id.* (quoting *Black's Law Dictionary* 595).

4

356 N.W.2d 801, 803 (Minn. App. 1984) (noting that there was "strong circumstantial evidence" supporting the district court's finding that the defendant was the driver of the vehicle).

"Mere presence in or about a vehicle is insufficient to show physical control . . . ." *State v. Fleck*, 777 N.W.2d 233, 236 (Minn. 2010). Rather, "it is the overall situation that is determinative." *Id.* Relevant circumstances include whether the motor was running, whether keys were in the ignition, whether the vehicle was parked or stalled on or near the roadway, and whether the vehicle was parked "in some predicament such as a ditch . . . or snow bank, indicating to the officer arriving on the scene that the driver had recently put the vehicle there through erratic driving." *Roberts v. Comm'r of Pub. Safety*, 371 N.W.2d 605, 607 (Minn. App. 1985) (quotation omitted), *review denied* (Minn. Oct. 11, 1985). Courts also consider "the person's location in proximity to the vehicle; . . . whether the person was a passenger in the vehicle; who owned the vehicle; and the vehicle's operability." *Fleck*, 777 N.W.2d at 236.

Here, the yellow truck was stopped along the roadway. Officer Schroepfer testified that the yellow truck was running and that the individual in the passenger's seat stated that "he couldn't get out of the passenger's side because the snow was packed up onto the vehicle." That testimony was undisputed in district court. The direct evidence that the yellow truck was running allows an inference that the keys to the truck were in the truck's ignition. Moreover, it is undisputed that no one was in the driver's seat of the yellow truck. Haeg was outside of the truck but within walking distance of the truck. There were two other people at the scene: one was seated in the passenger seat of the

5

yellow truck and the other was seated in the driver's seat of the second truck. The overall situation establishes that it was more probable than not that Haeg had been driving, operating, or in physical control of the yellow truck. *See Flamang v. Comm'r of Pub. Safety*, 516 N.W.2d 577, 580-81 (Minn. App. 1994) (noting that this court has found physical control where a vehicle was "stuck in a snow-filled ditch"), *review denied* (Minn. July 27, 1994); *Snyder v. Comm'r of Pub. Safety*, 496 N.W.2d 858, 860 (Minn. App. 1993) (concluding that the district court erred by determining that an officer did not have probable cause to believe a suspect had driven while intoxicated, in part because "the driver's seat was empty and [the suspect] was outside the car").

Haeg notes that the commissioner did not call him, the passenger in the yellow truck, or the female driver of the second truck as witnesses. He argues that this failure "raises an inference unfavorable to the commissioner." As support, he cites *Blumberg v. Palm*, in which the supreme court stated that "[a]n unexplained failure to call a witness or to produce evidence within the control of a party permits an inference that the witness, if called, or the evidence, if produced, would be unfavorable to the party." 238 Minn. 249, 254, 56 N.W.2d 412, 415 (1953). To the extent that a unfavorable inference was permissible, we defer to the fact-finder's weighing of that inference. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) (stating that it is inappropriate for appellate courts to reweigh the evidence or find facts on appeal).

Haeg also argues that some of the district court's findings are clearly erroneous. For example, he argues that there is no evidence to support the district court's findings that he was the owner of the yellow truck, that the truck was in a ditch, or that the truck's

6

passenger door would not open because there was snow around it. Even if those findings were erroneous, that error would not provide a basis to reverse because the undisputed circumstances establish, by a preponderance of the evidence, that Haeg had been driving, operating, or in physical control of the yellow truck. *See* Minn. R. Civ. P. 61 (requiring that harmless error be ignored).

In sum, although the commissioner could have presented additional evidence, reversal is not warranted so long as the commissioner presented sufficient evidence. Because the undisputed circumstances establish, circumstantially, that Haeg had been driving, operating, or in physical control of the yellow truck, we affirm the district court's order sustaining the commissioner's revocation of Haeg's license to drive.

**Affirmed.**