**Kathleen Lucile KING,
petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C6–84–1629.**

Court of Appeals of Minnesota.

April 23, 1985.

Donald H. Nichols, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

FOLEY, Judge.

The trial court rescinded the revocation of respondent's driver's license. The questions raised on appeal are: (1) the applicability of the medical privilege statute, and (2) applicability of the reasonable doubt standard in the revocation of driving privileges. We reverse.

## FACTS

In the early morning of March 3, 1984, the Shakopee Police Department received a call requesting an officer to proceed to the St. Francis Regional Medical Center. A nurse stated that a young woman had been involved in an auto accident and was presently at the hospital receiving medical attention.

Sergeant Dennis Anderson then proceeded to the St. Francis hospital where he saw respondent. Sergeant Anderson noticed respondent to be bleeding from the mouth. After treatment of respondent had concluded, respondent accompanied a different officer to the Shakopee police station for testing.

A breath test was administered showing an alcohol concentration of .19. The breath test was administered by a certified breathalyzer operator in accordance with the twenty-five steps of the Breathalyzer Operational Checklist. All requisites of the checklist were met.

Upon presentation of these facts, the trial court ruled respondent's medical privi-

lege to have been violated. Additionally, the court stated it had a *"reasonable doubt* as to whether or not [respondent] had such an amount of blood in her mouth at the time the breath test was taken so as to affect its accuracy." (Emphasis supplied).

## ISSUES

1. Did the trial court err in finding respondent's medical privilege to have been violated?

2. Did the trial court err in applying the reasonable doubt standard to the question of whether blood was in respondent's mouth at the time the breathalyzer test was administered?

## ANALYSIS

■ The trial court held Minn.Stat. § 595.02(4) (1982), which relates to the physician-patient privilege, was violated. *State v. Staat,* 291 Minn. 394, 192 N.W.2d 192 (1971), mandates that a four-pronged test be met before a physician-patient relationship will be found to exist. It must be established that:

1. A physician-patient relationship existed;

2. The "information" acquired by the physician was of the type contemplated by the statute;

3. Such information was acquired by the physician in attending patient; and

4. The information was necessary to enable the physician to act in a professional capacity.

*Id.,* 291 Minn. at 398, 192 N.W.2d at 196.

■ The burden rests upon the claimant of the privilege to establish all facts necessary to invoke it. *State v. Anderson,* 247 Minn. 469, 477, 78 N.W.2d 320, 326 (1956).

■ Application of the above four-pronged test here necessarily precludes the finding of a physician-patient privilege. First, the information concerning the accident, which hospital employees conveyed to the police department, was not of the type contemplated by the statute.

In addition, information concerning respondent's intoxication and the accident was not necessary to enable the physician to act in a professional capacity.

*Incorrect standard*

■ Proceedings addressing revocation of driving privileges under the implied consent law are civil in nature. *State, Department of Highways v. Normandin,* 284 Minn. 24, 169 N.W.2d 222 (1969). Suspension or revocation of a license is not a punishment but is rather an exercise of the police power for the protection of the public. *Anderson v. Commissioner of Highways,* 267 Minn. 308, 316–17, 126 N.W.2d 778, 783–84 (1964). Because the action is civil in nature, it follows that the state's burden is a preponderance of the evidence. *See State, Department of Highways v. Halvorson,* 288 Minn. 424, 181 N.W.2d 473 (1970).

■ The trial court thus applied an erroneous standard when specifying it had *"a reasonable doubt* as to whether or not [respondent] had such an amount of blood in her mouth at the time the breath test was taken so as to affect its accuracy." (Emphasis supplied). The reasonable doubt standard cannot be applied in revocation of driving privilege proceedings.

## DECISION

The trial court improperly applied the medical privilege statute and employed the wrong burden of proof standard in making its findings of fact.

Reversed.