**Brock Martin ECKSTEIN,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. C0–90–2428.**

Court of Appeals of Minnesota.

June 11, 1991.

Review Denied Aug. 1, 1991.

Thomas J. Kraus, McLoone Law Offices, Waseca, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jacquelyn E. Albright, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by AMUNDSON, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

AMUNDSON, Judge.

Appellant's driver's license was revoked pursuant to the implied consent law, and he petitioned for judicial review. The trial court dismissed the petition because it failed to state the facts underlying each claim as required by Minn.Stat. § 169.123, subd. 5c (Supp.1989). Eckstein appeals, and we affirm.

## FACTS

Appellant was arrested for DWI on July 10, 1990, and his driver's license was revoked pursuant to the implied consent law. He petitioned for judicial review of his license revocation pursuant to Minn.Stat. § 169.123, subd. 5c (Supp.1989), raising issues of probable cause, post-accident consumption of alcohol, and use of inadmissible hearsay in violation of *Miranda* rights. The petition did not include a description of the facts supporting each issue.

The Commissioner filed a notice of motion and motion to dismiss the petition, based on appellant's failure to state the facts underlying each claim asserted in the petition. The Commissioner then served appellant with a request for admissions and interrogatories. Appellant apparently served the responses by mail as well as on the Commissioner at the implied consent hearing.

At the hearing, the Commissioner moved to dismiss the petition. The trial court dismissed appellant's petition, finding it lacked the statement of facts underlying

each claim asserted as required by Minn. Stat. § 169.123, subd. 5c.

Eckstein appeals.

## ISSUE

Did the trial court err in dismissing appellant's petition for judicial review because he failed to state the facts underlying each claim asserted as required by Minn.Stat. § 169.123, subd. 5c?

## ANALYSIS

A peace officer who requires a test pursuant to the implied consent law shall serve notice of revocation and revocation upon a person who refuses to permit a test or who takes a test with a result of .10 or more. Minn.Stat. § 169.123, subd. 5a (Supp.1989). The driver who wishes to challenge the revocation must file a petition for judicial review. Minn.Stat. § 169.123, subd. 5c. The statute provides in relevant part:

> The petition shall state with specificity the grounds upon which the petitioner seeks rescission of the order of revocation, disqualification, or denial and *state the facts underlying each claim asserted.*

Minn.Stat. § 169.123, subd. 5c (emphasis added). The emphasized portion, which is at issue here, was added in the 1989 legislative session. 1989 Minn.Laws ch. 307, § 12.

The purpose of the "specificity" requirement is to alert the Commissioner and the trial court to the matters truly at issue so that witnesses are not unnecessarily produced and the court is not required to listen to evidence on undisputed issues. *Palbicki v. Commissioner of Pub. Safety,* 347 N.W.2d 512, 515 (Minn.App.1984). Failure to state a ground upon which the petitioner seeks to have a revocation rescinded may, upon the Commissioner's objection, preclude the petitioner from raising the issue at the hearing. *Id.*

Petitioners on occasion have submitted "shotgun" petitions in which numerous grounds are raised. *See Dutcher v. Commissioner of Pub. Safety,* 406 N.W.2d 333, 335 (Minn.App.1987). The Commissioner must be prepared to prove each claim raised, except for affirmative defenses, by a preponderance of the evidence. *See King v. Commissioner of Pub. Safety,* 366 N.W.2d 613, 615 (Minn.App.1985). At the hearing, the petitioner may eliminate some issues raised in the petition.

The new requirement that facts be cited to support each claim is to ensure petitioners only advance claims truly at issue. A short statement of facts, perhaps no more than a sentence or two, normally should be enough to meet this requirement. Challenges to this requirement, however, should not degenerate into a semantic argument. A proper petition must provide an informative statement. It must be more than language which is merely conclusory or simply directs classification of the acts. We conclude that just as failure to state an issue with specificity can preclude its consideration, the failure to include facts to support each claim can preclude determination of that claim. Appellant's response to the Commissioner's discovery requests did not meet this requirement. The trial court therefore properly dismissed the petition.

Appellant's request for expert witness fees and for attorney fees on appeal is denied.

## DECISION

The trial court did not err by dismissing appellant's petition when the petition did not include facts supporting each asserted claim.

Affirmed.

RANDALL, Judge, dissenting.

I respectfully dissent. Appellant's petition seeking judicial review set out the following issues:

2. The peace officer was without reasonable and probable grounds to believe Petitioner was driving, operating, or in physical control of a motor vehicle while under the influence of alcohol or a controlled substance.

3. That any test taken did not accurately and reliably indicate a blood alcohol content at or in excess of .10 at the time

of any driving or within two hours of driving as there was Post–Accident consumption of alcohol by the Petitioner that would place Petitioner above the legal limit of .10 or more.

4. The evidence obtained by the law enforcement officials is based on inadmissable hearsay and in violation of Petitioner's Miranda rights.

The Commissioner alleges the petition was jurisdictionally defective under Minn. Stat. § 169.123, subd. 5c (Supp.1989). The statute provides in relevant part:

The petition shall state with specificity the grounds upon which the petitioner seeks rescission of the order of revocation, disqualification, or denial and state the facts underlying each claim asserted.

The Commissioner claims clauses 2, 3 and 4 of appellant's petition are defective for lack of notice, but I find the only real issue is number 3, which alleges the affirmative defense of post accident consumption of alcohol. Appellant agrees he has the burden of establishing the defense of post accident consumption. *Dutcher v. Commissioner of Public Safety*, 406 N.W.2d 333, 336 (Minn.App.1987).

The Commissioner's allegation that clauses 2 and 4 in appellant's petition are defective is a non-issue; a red herring at best. In clause 2, appellant states the police officer had no reasonable and probable grounds to act as he did. The facts of why a police officer stops a driver and then goes on to invoke the provisions of the implied consent law, or any other traffic regulation law, *are known to the officer*, not the driver. With the Commissioner on notice that appellant was raising probable cause, all he had to do to prepare for the hearing is go to the arresting officer and ask him, "Why did you stop him, and what did you observe from then on that led to your arresting him for DWI?" All those facts are within the knowledge of the police officer. In fact, there is no requirement that a police officer pulling a driver over has to go through an explanation to the driver as to why he was pulled over. A courteous police officer might tell the driver he observed him doing so and so, but he doesn't

have to. It is an absurdity for the Commissioner to argue that the petition is defective because the driver did not state the specific underlying facts as to why the police officer "did not have probable cause." A driver cannot prove that negative. The common sense answer is for the driver to put the Commissioner on notice that he is raising the issue of probable cause, and the Commissioner then gets the information needed to carry his burden on that point from the one person who has the information, the arresting officer.

Clause number 4 of the petition, to which the Commissioner also objected to "for lack of specific facts underlying the claim asserted," is also a non-issue. The petition raises the question of *Miranda* rights. All the Commissioner has to do is ask the arresting officer, "Did you give the driver a *Miranda* warning before you questioned him, and if not, why not?" Again, only the officer, not the driver, knows the facts that the officer observed that led him to believe that a *Miranda* warning was not needed prior to questioning. The decision to give or not give a *Miranda is made by the officer*, not the driver. As a rhetorical question, why would the Commissioner ever ask the driver, "Why do you think the officer didn't give you a *Miranda* warning?"

The issue in this case is clause 3 of the petition, where appellant specifically mentioned post accident consumption of alcohol. The Commissioner argued that the petition was defective for lack of facts underlying that claim. The trial court accepted that argument and dismissed, which led to this appeal.

In examining the record, I find both good faith compliance and substantial and real compliance with section 169.123, subdivision 5c. The petition specifically put the Commissioner on notice of the affirmative defense of the post accident consumption of alcohol. The Commissioner is entitled to the normal discovery rules of civil procedure in implied consent proceedings. The Commissioner used the rules here and served requests for admissions and interrogatories on appellant. Appellant's re-

sponses were served on the Commissioner close to the hearing date, but within the time limits for civil discovery. The Commissioner concedes he had the right to ask for a continuance if he felt the need to further investigate appellant's answers to the interrogatories, but chose not to ask for a continuance, and instead moved for dismissal on the merits. The Commissioner claimed the petition was incomplete because it did not give him all the details of the claimed post accident consumption. Between the petition, which specifically used the term "post accident consumption," and the answers to interrogatories, the Commissioner had as full and complete a record as one could expect.

The responses to the Commissioner's requests for admissions and the answers to his interrogatories contained in relevant part the following answer:

QUESTION:

1) For the 24–hour period preceding the test request involved herein, please provide complete information as to all alcohol consumption, including:

    a. The type(s) of beverage consumed.

    b. The place(s) where each drink was consumed.

    c. The amount of alcohol in each drink.

    d. The number of each type of drink.

    e. The beginning and ending times for each drink, as closely as you believe it to have been, either by some sort of record, by memory, or by estimation.

    f. The names, addresses, and telephone numbers of any persons who can verify the amount of alcohol consumed, whether in whole or in part.

ANSWER:

    a. 12 ounce bottled beer of Michelob beer and mixed drinks consisting of Bacardi 151 Rum and Diet Pepsi.

    b. The Petitioner consumed three bottled beers of Michelob beer while at his home residence at 1407 Hullet Avenue, Lot 70, Faribault, Minnesota, between 3:00 p.m. and 9:30 p.m. on July 9, 1990. The Petitioner then consumed an additional one 12 ounce bottle of Michelob beer at approximately 10:00 p.m. on July 9, 1990 while at "The Bridge" by Cannon City and Nerstrand, Minnesota. Then on July 10, 1990 at 12:15 a.m. and shortly thereafter, the Petitioner consumed two or three glases of mixed drink consisting of three or four shots of Bacardi 151 Rum each, mixed with Diet Pepsi. This alcohol was consumed while at the Petitioner's residence at 1407 Hullet Avenue, Lot 70, Faribault, Minnesota.

    c. See above answer to Interrogatory 1b.

    d. See above answer to Interrogatory 1b.

    e. See above answer to Interrogatory 1b.

    f. Eric D. Breseman, 1407 Hullet Avenue, Lot 52, Faribault, Minnesota 55021;

Gregory S. Sterling, 1407 Hullet Avenue, Lot 46, Faribault, Minnesota 55021;

William A. Cook, 5270 Cannon Lake Trail, Faribault, Minnesota 55021;

Jodi Thielbar, 1407 Hullet Avenue, Lot 70, Faribault, Minnesota 55021.

Within the common understanding of trial attorneys who trade discovery information in good faith, it does seem that appellant furnished the requested information and substantially complied with the Commissioner's request. It is true that much of the detail came in through the answers to interrogatories, but that is the purpose of civil discovery which follows (does not lead) the initiation of a civil case. It has to be so in civil implied consent cases. The Commissioner argues he should "not have to be burdened" with the normal procedures of civil discovery. That is an interesting argument because the Commissioner takes advantage of the fact that implied consent is civil, not criminal. The Commissioner enjoys the low burden of proof, preponderance of the evidence (rather than the criminal standard of proof beyond a reasonable doubt), and the Commissioner is entitled to serve requests for admissions and interrogatories on a driver in an implied

consent case, a privilege not afforded in criminal cases.

The realities of an implied consent case and the severe time restraints on the driver (not the Commissioner) have to be considered when interpreting Minn.Stat. 169.123, subd. 5c. A driver seeking his right to a hearing has to find an attorney, and the attorney is then under the short jurisdictional time period of just 30 days to get the petition filed. As a practical matter, investigation of the client's case may have to take place after the petition has been filed. Here, appellant's attorney properly noted the defense of post accident consumption and provided all the specific details through the discovery process.

It is illogical to interpret section 169.123, subdivision 5c to put on appellant the burden of filing with the petition all the information he filed in his answers to interrogatories. You cannot anticipate in adversarial litigation everything your opponent will ask until he asks it. That is the purpose of serving interrogatories and answers to interrogatories *after* service of the initiating document, here a petition.

It is true that appellant's answers to interrogatories, although timely under the rules, were not served on the Commissioner until just prior to the hearing. It is true appellant brought an expert to the hearing and the Commissioner claims he was not prepared to rebut that expert. The problem is that, although the Commissioner had the right to ask for a continuance to further investigate and prepare for the hearing, he chose to bypass that normal civil discovery option and instead move for a straight dismissal.

Absent a showing of substantial prejudice, Minnesota favors trials on the merits, and a reasonable continuance or two is the best solution when the problem claimed is one of late discovery. Here no substantial prejudice was shown. The Commissioner did not want a continuance to investigate appellant's answers to interrogatories and prepare for appellant's expert's testimony. The Commissioner wanted to avoid a hearing on the merits and push for dismissal. The granting of a short continuance to the Commissioner would have better served the administration of justice and the protection of the rights of both parties.

I disagree with the majority's conclusion that appellant's responses to the Commissioner's discovery requests did not meet the requirement of specificity. I would reverse and send the matter back for further proceedings, including leaving open to the Commissioner the opportunity to move for a reasonable continuance, if one is needed, to complete his investigation.