*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0285**

Arden Clarence Hoff, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed November 14, 2016
Affirmed
Bratvold, Judge**

Polk County District Court
File No. 60-CV-15-1119

John B. Wangberg, Fuller Wallner Cayko Pederson & Huseby, Ltd., Bemidji, Minnesota
(for appellant)

Lori Swanson, Attorney General, Joan M. Eichhorst, Assistant Attorney General, St. Paul,
Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Bratvold,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**BRATVOLD**, Judge

Appellant Arden Hoff challenges the district court's order sustaining the revocation
of his driving privileges under the implied consent statute. Hoff argues that the district
court clearly erred in its credibility determinations and that the weight of the evidence

established the post-driving consumption affirmative defense. Because the district court's decision was not clearly erroneous, we affirm.

## FACTS

On May 17, 2015, F.N. was driving home from work when he saw Hoff sitting in his car in the ditch. F.N. testified that he pulled over, walked down into the ditch, and helped Hoff out of his car and into F.N.'s car. F.N. testified that Hoff did not show signs of intoxication. F.N. drove Hoff home, arriving about five or seven minutes later, which F.N. testified was around 2:00 p.m.

Hoff's next door neighbor, S.H., saw Hoff arrive home and described Hoff as being unsteady on his feet. S.H. testified that the time was 3:30 p.m., which she remembered because she was texting on her cell phone when she saw Hoff, and she regularly uses her cell phone to tell time.

At 4:07 p.m., Deputy Dionne responded to a passer-by's call reporting a car in the ditch. After determining that Hoff was the owner of the car, the deputy and another officer went to Hoff's home to check on him, arriving around 4:30 p.m.

Hoff told the deputy that he was not injured in the accident. Hoff explained that he had driven off the road and into the ditch as a result of a "dizzy spell." Hoff also said he had been to Red Lobster earlier in the day where he drank one beer and ate lunch. The deputy noticed that Hoff was slurring his speech and moving slowly. While the deputy did not smell alcohol on Hoff, he saw a "half-empty bottle of brandy in Mr. Hoff's home."

Hoff submitted to a preliminary breath test, with an alcohol concentration result of 0.176. The deputy testified that, after administering the breath test, Hoff said he had been

2

drinking brandy for about an hour since arriving home, but could not remember exactly how much alcohol he had consumed.

The deputy arrested Hoff for driving while impaired. After the arrest, Hoff consented to take a blood test. The blood test was administered at 6:02 p.m. and reported an alcohol concentration of 0.249. Respondent Commissioner of Public Safety revoked Hoff's driver's license for test failure and impounded his license plates under Minnesota Statutes sections 169A.52 and 169A.60 (2014).

Hoff petitioned the district court to reinstate his driving privileges, and the district court held an implied consent hearing. The blood test results were admitted into evidence by stipulation. Hoff asserted several arguments in his petition, but he expressly waived all but two issues at the hearing: (1) whether the deputy had a reasonable articulable suspicion that Hoff was driving under the influence of alcohol to administer the preliminary breath test, and (2) whether Hoff could establish post-driving consumption as an affirmative defense by proving that he consumed a sufficient amount of alcohol after driving and before test administration to cause his alcohol concentration to exceed 0.08.

At the hearing, S.H. and the deputy testified for the commissioner. F.N. and Hoff testified on Hoff's behalf. Hoff produced a Red Lobster receipt from 1:16 p.m. on May 17, 2015, to establish when he began to drive home. He also testified that a thunderstorm caused his car to hydroplane off the road. According to Hoff, he began to drink brandy around 2:00 p.m. after returning home from the accident, and he consumed approximately four and three-fourths drinks before the deputy arrived. Hoff also testified that he did not consume any alcohol after the beer at Red Lobster until he returned home after the accident.

3

Hoff's driver's license requires him to drive a car with an ignition interlock system. Hoff admitted in his testimony that on May 17, 2015, he chose to drive a car without an ignition interlock system.

Anne Manly, a forensic toxicologist, provided expert testimony for Hoff. Manly testified that Hoff's testimony regarding the amount of brandy he consumed after returning home around 2:00 p.m. was consistent with him having an alcohol concentration of 0.249 at 6:02 p.m. Manly's findings were based on Hoff's testimony, and the district court received Manly's written report into evidence.

The district court denied Hoff's petition to reinstate his driving privileges. In its written order, the district court expressly discredited Hoff, F.N., and Manly and credited S.H. The district court concluded that the deputy had a reasonable articulable suspicion to believe Hoff was under the influence of alcohol to administer the preliminary breath test and that Hoff failed to establish the post-driving consumption affirmative defense. Hoff's appeal follows.

## D E C I S I O N

To revoke driving privileges under the implied consent statute, the commissioner must show: (1) "certification by the peace officer that there existed probable cause to believe the person had been driving, operating, or in physical control of a motor vehicle in violation of section 169A.20 (driving while impaired) and [(2)] that the person submitted to a test and the test results indicate an alcohol concentration of 0.08 or more." Minn. Stat. § 169A.52, subd. 4(a) (2014); *see also Dutcher v. Comm'r of Pub. Safety*, 406 N.W.2d 333, 336 (Minn. App. 1987) ("The Commissioner's burden extends only to the concentration at

4

the time of testing, insofar as implied consent is concerned." (citation omitted)). Because Hoff stipulated to the blood test results and expressly waived the probable cause issue, the commissioner's burden of establishing both prongs of the offense was never at issue.[1] Hoff raises one issue on appeal: whether the district court clearly erred in determining that Hoff failed to establish the post-driving consumption affirmative defense.

Post-driving consumption of alcohol is an affirmative defense under the implied consent statute. Minn. Stat. § 169A.46, subd. 1 (2014); *Dutcher*, 406 N.W.2d at 336. The petitioner bears the burden of proving by a preponderance of the evidence that (1) the driver consumed alcohol after driving and before test administration, and (2) the post-driving consumption of alcohol caused the driver's alcohol concentration to exceed 0.08 at the time of testing. *Dutcher*, 406 N.W.2d at 336.

This court reviews the district court's determination of the post-driving consumption affirmative defense for clear error. *Id.* This court will not reverse the district court's factual determinations unless they are clearly erroneous. Minn. R. Civ. P. 52.01. The district court's findings are clearly erroneous if they are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *DeCook v. Olmsted Med. Ctr., Inc.*, 875 N.W.2d 263, 274 (Minn. 2016) (quotation omitted). "The appellate court views the evidence in the light most favorable to the factual findings and

---

[1] Unlike the crime of driving while impaired, revocation of driving privileges under the implied consent statute is a civil proceeding. *Compare* Minn. Stat. § 169A.20, subd. 1 (2014) (providing that driving while impaired is a crime), *with* Minn. Stat. § 169A.53, subd. 2(d) (2014) (providing that judicial review of revocation of driving privileges under the implied consent statute must be conducted according to the rules of civil procedure).

assumes the factfinder believed the state's witnesses and disbelieved contrary evidence." *Roettger v. Comm'r of Pub. Safety*, 633 N.W.2d 70, 73 (Minn. App. 2001).

In particular, "weighing the credibility of witnesses is the exclusive function of the [factfinder]." *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980). This court gives due regard "to the opportunity of the trial court to judge the credibility of the witnesses." Minn. R. Civ. P. 52.01; *see also Engebretson v. Comm'r of Pub. Safety*, 395 N.W.2d 98, 100 (Minn. App. 1986) ("[Appellant] asks us to reject the trial court's findings of fact because it disregards the testimony of three witnesses. We cannot find error on that basis alone."). Thus, we defer to the district court's credibility determinations in implied consent proceedings. *Lewis v. Comm'r of Pub. Safety*, 737 N.W.2d 591, 594 (Minn. App. 2007).

Hoff argues the district court clearly erred in discrediting his testimony. In its written order, the district court determined that Hoff was not a credible witness because his testimony contradicted his statements to the deputy in three ways: (1) Hoff told the deputy that he drove into the ditch due to a "dizzy spell," but testified that a thunderstorm caused him to hydroplane off the road; (2) Hoff told the deputy that he had been drinking at home for about one hour before police arrived around 4:30 p.m., but testified that he began drinking around 2:00 p.m. after arriving home from the accident; and (3) Hoff told the deputy that he did not know how much brandy he had consumed, but testified that he consumed four and three-fourths drinks. The district court was in the best position to assess the trustworthiness of Hoff's testimony and prior statements, and we defer to the district court's credibility determination. *Pieschke*, 295 N.W.2d at 584.

To demonstrate the district court's clear error, Hoff advances three contentions. First, his version of events was corroborated by other witnesses. Second, the state's witnesses were not credible. Third, the state failed to offer evidence that Hoff was under the influence while driving. We will discuss each argument.

First, Hoff argues that Manly's expert testimony and F.N.'s testimony corroborated his version of events. But the district court discredited Manly's testimony because she based her findings "on a post-accident consumption time of 2:00 p.m. on May 17, 2015, a time Mr. Hoff has failed to support by credible evidence." Additionally, the district court specifically discredited F.N.'s testimony that he drove Hoff home around 2:00 p.m. The district court found S.H.'s testimony that Hoff arrived home at 3:30 p.m. more believable because S.H. had a "reference point of having looked at her cellphone, [] which she regularly uses to tell time, just prior to Mr. Hoff's arrival home." Neither F.N. nor Hoff could provide a reference for why they believed the time was 2:00 p.m. It is the province of a district court to weigh and reconcile conflicting expert and eyewitness testimony. *Dutcher*, 406 N.W.2d at 336; *see also Thorud v. Comm'r of Pub. Safety*, 349 N.W.2d 343, 345 (Minn. App. 1984) (holding that the district court was entitled to believe one witness's testimony over the contradictory testimony from another witness). Hoff's corroboration argument fails because the district court was not required to believe his witnesses.

Second, Hoff claims that S.H. was an unreliable witness because she provided inconsistent testimony about what time she learned about the accident via text message, saw Hoff return home, and spoke with the deputy. But inconsistencies in a witness's

testimony "do not require reversal; they are merely factors to consider when making credibility determinations, which is the role of the fact-finder." *Lewis*, 737 N.W.2d at 594.

In a similar vein, Hoff contends that the district court clearly erred in crediting the deputy's testimony that, on the day of the arrest, Hoff said that he did not know how much brandy he had consumed. Hoff argues this factual determination was against the weight of the evidence because he did not know he was being investigated and the deputy did not inquire as to how much brandy he had consumed. Because the district court is the factfinder, it may credit the deputy's testimony over Hoff's inconsistent testimony. *Id.*

Third, Hoff asserts that there is no evidence proving that he was under the influence or had an alcohol concentration above 0.08 while driving. At the implied consent hearing, Hoff waived his right to contest whether there was probable cause to believe that he had been driving while impaired. *State v. Beaulieu*, 859 N.W.2d 275, 278 n.3 (Minn. 2015) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993))). Hoff cannot now raise this issue on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)).

Undaunted by his waiver of the probable cause issue, Hoff argues that circumstantial evidence supports his affirmative defense because the quick rise in his alcohol concentration between the preliminary breath test and the blood test is "consistent with Hoff's representation that he had consumed a large amount of alcohol after driving." Hoff

8

relies on F.N.'s testimony that Hoff did not show signs of intoxication when he picked up Hoff at the accident scene and drove him home. But the district court was in the best position to assess credibility and weigh this evidence. *Pieschke*, 295 N.W.2d at 584. And S.H. testified that Hoff appeared to be unsteady on his feet when he returned home at 3:30 p.m. Because the district court specifically found S.H. more credible than F.N., we will not disturb the district court's decision. *Lewis*, 737 N.W.2d at 594.

For the reasons discussed, the district court did not clearly err in determining that Hoff failed to establish the post-driving consumption affirmative defense.

**Affirmed.**