**Michelle Marie SOMMERS, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C7-91-1691.

Court of Appeals of Minnesota.

April 7, 1992.

Mark J. Karon, University Student Legal Services, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Nancy J. Bode, Asst. Atty. Gen., Joel A. Watne, Special Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by AMUNDSON, P.J., and NORTON and PETERSON, JJ.

## OPINION

PETERSON, Judge.

Respondent's driver's license was revoked after she failed an alcohol concentration test. She petitioned for judicial review. The trial court ordered the revocation rescinded, and the Commissioner of Public Safety appeals. We reverse.

## FACTS

On June 13, 1991, Trooper Todd J. Waxberg arrested respondent for DWI. He read her the implied consent advisory, which stated in paragraph three: "Whether you take or refuse the test, you may still be subject to criminal prosecution for an alcohol or controlled substance related offense." The trooper asked respondent if she wished to consult with an attorney and she declined. He offered her a breath test, which she agreed to take. The test results showed an alcohol concentration of .15. Respondent's driver's license was revoked pursuant to the implied consent law, and she petitioned for judicial review.

A hearing was held. Respondent testified she thought paragraph three meant she could face more serious consequences or be accused of something else if she did not take the test, but on cross-examination agreed it meant, if she refused testing, she could still be prosecuted for DWI. The trial court determined that the advisory misinformed respondent, violating her due process rights. It also found that the order of the statements in the advisory was misleading because the information about the right to counsel was provided last. It ruled this could lead persons arrested for drunk driving to the conclusion that they could be in more trouble by asserting the right to counsel than by immediately submitting to a test. The trial court rescinded the revocation of respondent's driver's license. The Commissioner of Public Safety appeals.

## ISSUE

Did the revised implied consent advisory that was read to respondent properly inform her about her rights under the implied consent law?

## ANALYSIS

This case involves a challenge to the implied consent advisory that was read to respondent. The advisory language provided in Minn.Stat. § 169.123, subd. 2(b) was revised pursuant to the supreme court decisions in *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991) and *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn.1991).

The trial court concluded that the revised advisory violated respondent's due process rights because it misinformed her that she might be prosecuted for refusing to submit to testing. We disagree. The changes make the advisory more precise and technically accurate, and the new provisions eliminate the problems identified in *Friedman* and *McDonnell*. Unlike the portion of the advisory found unconstitutional in *McDonnell*, 473 N.W.2d at 855, the revised advisory does not threaten criminal charges the state is not authorized to impose. Instead, the advisory accurately informs individuals that, regardless of

whether they take or refuse the test, they could be subject to criminal prosecution for an alcohol related driving offense. The new language does not violate due process. We note that the 1991 legislative amendment of the advisory, effective August 1, 1991, incorporated this same change. 1991 Minn.Laws ch. 136.

The trial court also found the advisory defective because the information about the right to counsel is provided last. Because this issue was not raised by respondent, it was error for the trial court to consider it. *See Winder v. Commissioner of Pub. Safety*, 392 N.W.2d 21, 23 (Minn. App.1986), *pet. for rev. denied* (Minn. Oct. 22, 1986).

The final issue is whether the implied consent advisory read to respondent is invalid because it had not been adopted by the legislature. Respondent contends there was no statutory authority for the advisory, and the principles of the separation of powers were violated. The trial court did not reach this issue.

In *McDonnell* and *Friedman* the supreme court held portions of the advisory prescribed in Minn.Stat. § 169.123, subd. 2(b) (1990) unconstitutional, but limited application of its holding to all cases arising after the opinions were released. *McDonnell*, 473 N.W.2d at 853, 855. No specific statutory authority was required to permit modification of the implied consent advisory following the release of *McDonnell* and *Friedman*. The officer acted properly by reading the driver an implied consent advisory that comported with the law as interpreted by the supreme court in *Friedman* and *McDonnell*.

## DECISION

The order of the trial court rescinding the revocation of the respondent's driver's license is reversed.

Reversed.