**STATE of Minnesota, Respondent,**

v.

**Daryl FLECK, Appellant.**

No. A08–72.

Supreme Court of Minnesota.

Jan. 21, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Gregory A. Widseth, Polk County Attorney, Crookston, MN, for respondent.

G. Tony Atwal, Assistant State Public Defender, St. Paul, MN, for appellant.

OPINION

PAGE, Justice.

Appellant Daryl Fleck was convicted of: (1) felony first-degree being in physical control of a motor vehicle while under the influence of alcohol (within ten years of three or more qualified incidents), Minn. Stat. §§ 169A.20, subd. 1(1), 169A.24, subd. 2 (2006); and (2) felony first-degree being in physical control of a motor vehicle with a blood alcohol concentration of .08 or more, Minn.Stat. §§ 169A.20, subd. 1(5), 169A.24, subd. 2 (2006). Fleck appealed his convictions and, relying on *State v. Pazderski,* 352 N.W.2d 85 (Minn.App. 1984), argued that the evidence was legally insufficient to convict him of being in physical control of a motor vehicle when he was sleeping in his vehicle, which was parked in an assigned residential parking spot with the driver's door open, keys in the center console, no devices of the vehicle in operation, and the vehicle had not recently been operated. The court of appeals affirmed the convictions and we granted Fleck's petition for review. The sole issue presented on appeal is whether Fleck's convictions are supported by sufficient evidence. We affirm.

At 11:30 p.m. on June 11, 2007, police officers responded to a call from a concerned citizen who saw a man unconscious in her apartment complex parking lot in the driver's seat of a vehicle with its door open. The officers found Fleck asleep behind the wheel of his vehicle, which was legally parked in an assigned space at the apartment building where he lived. After being awakened by the officers, Fleck admitted to drinking 10 to 12 beers, but denied that he had been driving the vehicle. When asked why he was in the vehicle, Fleck initially told the officers that he had come to retrieve an item from the vehicle, but later told the officers that he had come outside to sit in the vehicle. The officers concluded that Fleck had not recently driven the vehicle because the vehicle was "cold to the touch," the lights were not on, and it did not appear that the vehicle had been running. However, while questioning Fleck, the officers did observe a set of ignition keys in the vehicle's console between the driver and passenger seats. The officers also concluded that Fleck was intoxicated based on observing Fleck's bloodshot and watery eyes, slurred speech, poor balance, disheveled look, and the smell of alcohol emanating from him. Subsequent testing showed that Fleck had a blood alcohol concentration of .18.

The record indicates that on the night of his arrest, Fleck told one of the arresting officers that the vehicle was operable, although there is nothing in the record indicating that the officers independently verified that fact. Shortly before Fleck's trial, one of the officers attempted to start the vehicle with the keys found in the center console the night of Fleck's arrest. Although the key turned in the ignition, the vehicle would not start.

At his jury trial in August 2007, Fleck stipulated that he had three or more prior qualified driving incidents within ten years that constitute aggravating circumstances. *See* Minn.Stat. § 169A.24 (2006) (making driving while impaired a first-degree felony when the defendant has three or more qualified prior impaired-driving incidents within ten years of the offense). The jury found Fleck guilty and the trial court convicted him of both charges, sentencing him to 48 months in prison and five years of

conditional release based on count two of the complaint.

▮ When the sufficiency of the evidence is challenged, the reviewing court must determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to allow a jury to reach a guilty verdict. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). The jury is in the best position to weigh credibility and thus determines which witnesses to believe and how much weight to give to their testimony. *State v. Landa,* 642 N.W.2d 720, 725 (Minn.2002). We also assume that the jury disbelieved any evidence contrary to the verdict. *State v. Moore,* 481 N.W.2d 355, 360 (Minn.1992). The question on review is whether the facts in the record and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted, giving due regard to the presumption of innocence. *State v. Crow,* 730 N.W.2d 272, 280 (Minn.2007); *State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981).

▮ Minnesota law provides that it is unlawful for "any person to drive, operate, or be in physical control of a motor vehicle" while under the influence of alcohol or with an alcohol concentration of .08 or more. Minn.Stat. § 169A.20, subd. 1(1), (5). The term "physical control" is more comprehensive than either the term to "drive" or to "operate." *State v. Harris,* 295 Minn. 38, 43, 202 N.W.2d 878, 881 (1972). Physical control is meant to cover situations when an intoxicated person "is found in a parked vehicle under circumstances in which the [vehicle], without too much difficulty, might again be started and become a source of danger to the operator, to others, or to property." *State v. Starfield,* 481 N.W.2d 834, 837 (Minn.1992). Thus, a person is in physical control of a vehicle if he has the means to initiate any movement of that vehicle, and he is in close proximity to the operating controls of the vehicle. *Id.* We have held that "physical control" should be given "the broadest possible effect." *State v. Juncewski,* 308 N.W.2d 316, 319 (Minn.1981) (holding that the statute was amended to modify the requirement that a driver be in "actual physical control" by deleting the word "actual" so that the statute be given the broadest possible effect).

▮ The purposes underlying the offense of being in physical control of a motor vehicle while under the influence of alcohol is to deter intoxicated persons from getting into vehicles except as passengers and to act as a preventive measure to "enable the drunken driver to be apprehended before he strikes." *Shane v. Comm'r of Pub. Safety,* 587 N.W.2d 639, 641 (Minn.1998) (citations omitted) (internal quotation marks omitted). The offense, however, is not intended to cover situations in which an intoxicated person is a passenger, having relinquished control of the vehicle to a designated driver. *Juncewski,* 308 N.W.2d at 320. Mere presence in or about a vehicle is insufficient to show physical control; it is the overall situation that is determinative. *Starfield,* 481 N.W.2d at 838. We consider a number of factors in determining whether a person is in physical control of a vehicle, including: the person's location in proximity to the vehicle; the location of the keys; whether the person was a passenger in the vehicle; who owned the vehicle; and the vehicle's operability.[1] *Starfield,* 481 N.W.2d at 839.

---

1. We have approved the following pattern jury instruction for use in physical control cases:

In *Starfield,* we reinstated the DWI conviction of a person found behind the wheel of a vehicle that was stuck in a snow-filled ditch and could not be moved without the assistance of a tow truck. 481 N.W.2d at 835. At trial, Starfield testified that her son had driven the vehicle into the ditch, had then gone for help, and that the deputies arrived while the son was gone. *Id.* Starfield's son corroborated his mother's story. *Id.* At the close of the State's case, the district court granted defendant Starfield's motion to acquit on the charge of "driving" under the influence of alcohol, reasoning that the evidence was insufficient to support such a conviction. *Id.* at 836. Consequently, the case went to the jury solely on the question of whether Starfield was in "physical control" of a motor vehicle while under the influence of alcohol. *Id.*

The jury found Starfield guilty, but the court of appeals reversed the conviction, holding that the State had failed to show that the defendant was in physical control of the vehicle. *Id.* In reversing the court of appeals, we held that intent to operate is not an element of Minn.Stat. § 169A.20. *Id.* at 839 (citing S.F. 223; Journal of the Senate, p. 1633, for April 13, 1989) (noting that a legislative attempt to add lack of intent as an affirmative defense to Minn. Stat. § 169A.20 had been defeated). We held that the jury could find beyond a reasonable doubt from the evidence—Starfield behind the wheel, in her own vehicle, keys in her pocket, towing assistance likely available—that Starfield was in physical control of the vehicle when it was in the ditch. *Id.* at 838.

Although the facts of this case are not those of the typical physical control case in which a jury can infer that the defendant was in physical control because he drove the vehicle to where it came to rest, a jury could reasonably find that Fleck, having been found intoxicated, alone, and sleeping behind the wheel of his own vehicle with the keys in the vehicle's console, was in a position to exercise dominion or control over the vehicle and that he could, without too much difficulty, make the vehicle a source of danger. Based on the totality of the circumstances, the facts in the record, and the legitimate inferences drawn from them, we hold that a jury could reasonably conclude that Fleck was guilty beyond a reasonable doubt of being in physical control of a vehicle under the influence of alcohol and with an alcohol concentration of .08 or more.

Affirmed.

---

In considering whether or not the defendant was in physical control of the motor vehicle while under the influence of alcohol, you may consider the defendant's location in or by the vehicle, the location of the ignition keys, whether the defendant had been a passenger in the vehicle before it came to rest, who owned the vehicle, the extent to which the vehicle was inoperable, and whether the vehicle if inoperable might have been rendered operable so as to be a danger to persons or property. You may consider these as well as any other facts or circumstances bearing on whether or not the defendant was then in physical control of a motor vehicle which was or reasonably could become a danger to persons or property while the defendant was under the influence of alcohol.
*Starfield,* 481 N.W.2d at 839.