*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-0451**

State of Minnesota,
Appellant,

vs.

Daniel Scott Nelson,
Respondent.

**Filed August 26, 2024**
**Reversed and remanded**
**Kirk, Judge**[*]

Sherburne County District Court
File No. 71-CR-23-1235

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, George R. Kennedy, Assistant County Attorney, Elk River, Minnesota (for appellant)

Brady E. Cysiewski, Douglas T. Kans, Kans Law Firm, LLC, Bloomington, Minnesota (for respondent)

 Considered and decided by Bjorkman, Presiding Judge; Reyes, Judge; and Kirk, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KIRK**, Judge

Appellant State of Minnesota appeals the district court's pretrial order dismissing the complaint against respondent Daniel Scott Nelson for lack of probable cause. Because the state presented sufficient facts to establish probable cause for believing that Nelson was in physical control of the vehicle, we reverse and remand.

## FACTS

On October 1, 2023, law enforcement responded to a report of a man passed out in the backseat of a vehicle in a WalMart parking lot. One of the responding officers recognized the vehicle and unconscious man from an encounter the previous day during which the officer found Nelson unconscious in the backseat of his vehicle after he had inhaled intoxicating fumes from cans of compressed air. Nelson was transported to the hospital following the previous incident.

On October 1, Nelson was again unconscious and surrounded by cans of compressed air, so the officers knocked on the window and yelled to wake Nelson. The officers opened the rear doors, which caused Nelson to awaken, and asked Nelson to exit the vehicle. Nelson complied and subsequently admitted that he had inhaled intoxicating fumes from the cans of compressed air that were in the vehicle.

Nelson had trouble remembering basic facts, such as the day of the week. Nelson initially indicated that he did not have the keys to the vehicle, but, when asked how to lock the vehicle, Nelson grabbed the keys from the rear-passenger wheel well.

The state charged Nelson with felony driving while impaired (DWI) and gross misdemeanor violation of a restricted driver's license. *See* Minn. Stat. §§ 169A.20, subd. 1(3) (intoxicating substance DWI) (Supp. 2023), 171.09, subd. 1(f)(1) (restricted license prohibiting consumption or possession of alcohol or controlled substance) (2022). Nelson moved to dismiss the complaint for lack of probable cause. The parties stipulated to documentary exhibits to serve as the record for the contested omnibus motion. The district court granted the motion to dismiss, determining the complaint failed to show that Nelson was in physical control of the vehicle while he was under the influence.

The state appeals.

## DECISION

The state's ability to appeal is limited. *State v. Rourke*, 773 N.W.2d 913, 923 (Minn. 2009). In a pretrial appeal, the state must show that "the district court's alleged error, unless reversed, will have a critical impact on the outcome of the trial." *State v. Stavish*, 868 N.W.2d 670, 674 (Minn. 2015) (quoting Minn. R. Crim. P. 28.04, subd. 2(b)). The critical-impact requirement is met when a district court dismisses charges against a defendant. *See State v. Trei*, 624 N.W.2d 595, 597 (Minn. App. 2001), *petition for rev. dismissed* (Minn. June 22, 2001).

The state may only appeal a probable cause dismissal if it is based on a legal determination. *State v. Barker*, 888 N.W.2d 348, 352 (Minn. App. 2016). Whether the dismissal is a legal or factual determination is a threshold jurisdictional question. *Id.* at 353. As with other legal determinations, it is reviewed de novo. *State v. Linville*, 598 N.W.2d 1, 2 (Minn. App. 1999).

3

Nelson does not challenge the state's authority to bring this pretrial appeal. And, because any error in the district court's dismissal of the charges would have a critical impact on the case, we turn to our de novo review of whether probable cause exists to support the charges.

Upon a defendant's motion to dismiss for lack of probable cause, the district "court must determine whether probable cause exists to believe that an offense has been committed and that the defendant committed it." Minn. R. Crim. P. 11.04, subd. 1(a). When making this determination, "[i]t is not necessary for the state to prove the defendant's guilt beyond a reasonable doubt." *State v. Florence*, 239 N.W.2d 892, 896 (Minn. 1976) (quotation omitted). "Unlike proof beyond a reasonable doubt or preponderance of the evidence, probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *State v. Harris*, 589 N.W.2d 782, 790-91 (Minn. 1999) (quotation omitted). "[T]he threshold factual showing of probable cause necessary to support a charge is low . . . ." *State v. Lopez*, 778 N.W.2d 700, 705 (Minn. 2010).

When considering a motion to dismiss for lack of probable cause, "[t]he district court must view the evidence in the light most favorable to the state and may not assess the relative credibility or weight of the conflicting evidence." *Barker*, 888 N.W.2d at 353 (citation and quotation omitted). Such issues are, "with rare exception," left to the jury. *State v. Elmourabit*, 373 N.W.2d 290, 294 (Minn. 1985).

The district court dismissed the charges of felony driving while impaired and gross misdemeanor violation of a restricted driver's license, both of which require the state show that Nelson was in physical control of the vehicle. *See* Minn. Stat. §§ 169A.20, subd. 1(3) (prohibiting persons from driving, operating, or being in physical control of a motor vehicle when intoxicated), 171.09, subd. 1(f)(1) (prohibiting individuals with a restricted license from "driv[ing], operat[ing], or [being] in physical control of a motor vehicle"). "Physical control" has a broad definition and "is meant to cover situations when an intoxicated person 'is found in a parked vehicle under circumstances in which the [vehicle], without too much difficulty, might again be started and become a source of danger to the operator, to others, or to property.'" *State v. Fleck*, 777 N.W.2d 233, 236 (Minn. 2010) (quoting *State v. Starfield*, 481 N.W.2d 834, 837 (Minn. 1992)). Accordingly, "a person is in physical control of a vehicle if he has the means to initiate any movement of that vehicle, and he is in close proximity to the operating controls of the vehicle." *Id.*

"Physical control" is given "the broadest possible effect" because the law prohibiting a person from being in physical control of a motor vehicle while intoxicated is aimed at protecting public safety. *Id.* (quoting *State v. Juncewski*, 308 N.W.2d 316, 319 (Minn. 1981)). "We consider a number of factors in determining whether a person is in physical control of a vehicle, including: the person's location in proximity to the vehicle; the location of the keys; whether the person was a passenger in the vehicle; who owned the vehicle; and the vehicle's operability." *Id.* (citing *Starfield*, 481 N.W.2d at 839.)

The state claims that the district court exceeded its role in determining whether the charges were supported by probable cause when it weighed and considered the evidence before determining that Nelson was not in physical control of the vehicle. We agree.

In determining whether probable cause supported the charges, the district court observed that Nelson "took steps to not only remove the keys from his vehicle but also to hide the keys in a place that was not easily reachable from his seat inside the vehicle" and noted that the state did not provide authority "to support a finding that an inebriated person may be in physical control of a vehicle when he does not have keys to start the vehicle in his possession."

The record shows that Nelson was found alone in a parked vehicle. And although Nelson indicated that he did not have the vehicle's keys, the evidence also shows Nelson quickly retrieved his keys when asked how the vehicle could be locked. The district court weighed the evidence and determined that Nelson was not in physical control of the vehicle. Yet, when determining whether charges are supported by probable cause, the evidence is to be viewed in a light most favorable to the state and the district court "may not assess[] the relative credibility or weight of . . . conflicting evidence." *Barker*, 888 N.W.2d at 353 (quotation omitted); *see also Elmourabit*, 373 N.W.2d at 294 (noting that issues that require weighing evidence or assessing credibility are, "with rare exception," left to the fact-finder).[1]

---

[1] This decision is limited. We do not discourage individuals from safely recovering from impairment before driving, and we express no opinion regarding whether these facts demonstrate that Nelson was in physical control of the vehicle. We simply conclude that the district court erred by resolving the issue at this stage of the case.

The state need not provide an actual showing of criminal activity to establish probable cause supporting charges. *Harris*, 589 N.W.2d at 790-91 (noting probable cause is a lower standard of proof than proof beyond a reasonable doubt and preponderance of evidence). Instead, the probable-cause determination may be based on the belief that Nelson was in physical control of the vehicle. *See* Minn. Stat. § 169A.20, subd. 1(3). The record shows that Nelson was inside the vehicle, could access the controls, and knew where the keys were located. *Fleck*, 777 N.W.2d at 236 ("a person is in physical control of a vehicle if he has the means to initiate any movement of that vehicle, and he is in close proximity to the operating controls of the vehicle"). Probable cause, therefore, exists to believe that Nelson was in physical control of the vehicle while intoxicated.

**Reversed and remanded.**